MARY CODDINGTON, Respondent, v. THE BROOKLYN CROSSTOWN RAILROAD COMPANY, Appellant.

Defendant's street railroad was crossed by the track of a steam railroad. A car on defendant's road in which plaintiff was a passenger was struck at the crossing by an engine passing on the other road and plaintiff was injured. In an action to recover damages for the injury, *held*, that under the circumstances the defendant was bound to exercise the highest degree of care and prudence, the utmost human skill and foresight; and that a charge to that effect was proper.

(Argued March 10, 1886; decided March 26, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made May 13, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff was a passenger on one of defendant's street cars; the track of its road is crossed by the track of a steam railroad. In passing the crossing the car was struck by an engine passing on the other road, and plaintiff was injured. The other material facts are stated in the opinion.

*William C. De Witt* for appellant. The circuit judge erred as to the rule of law defining the extent of care and prudence required of the defendant to avoid liability. (*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451, 460 ; *Cleveland* v. *N. J. Steamboat Co.*, 68 id. 306 ; *Loftus* v. *Un. Ferry Co.*, 22 Hun, 33–36 ; affirmed, 84 N. Y. 455 ; *Kelsey* v. *Barney*, 12 id. 425 ; *Taber* v. *D., L. & W. R. R. Co.*, 71 id. 489 ; *Camden Co.* v. *Burke*, 13 Wend. 611, 628, 629 ; *Beiseigel* v. *N. Y. C. R. R. Co.*, 40 N. Y. 9, 12, 13 ; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 410 ; *Dugan* v. *Champlain Transportation Co.*, 56 id. 1 ; *Pakalinsky* v. *N. Y. C. & H. R. R. R. Co.*, 82 id. 424 ; Story on Bailments, § 11.)

*P. Mitchell* for respondent. Carriers of passengers bind themselves to carry safely " *as far as human care and fore-*

*sight will go.*"  (*Maverick* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 378; *Deyo* v. *N. Y. C. R. R. Co.*, 34 id. 9; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408; *Caldwell* v. *N. J. Steamboat Co.*, 47 id. 282, 288.)

EARL, J.  The sole question for our determination is, whether that portion of the judge's charge which defines the degree of care and skill which the defendant was bound to exercise in the carriage of passengers, to which exception was taken by the defendant's counsel, was erroneous.  In several portions of his charge the judge charged as follows: " Now if this plaintiff can recover at all, she can recover only by reason of the negligence upon the part of the defendant which ordinary prudence and care on its part, or the part of its employes, would have prevented; that is to say, that if this accident which occurred from the overturning of the car was produced by the negligence of this company, and prudence and care on the part of its servants would have prevented it, then the defendant is liable, and if you cannot point out such negligence then you cannot give .the plaintiff a verdict."  " If the driver of the car negligently did any thing which he ought not to have done, or if he omitted to do any thing which he ought to have done, or if he omitted to take some precautions which he ought to have taken, which act, or which omission, brought about the accident, then the plaintiff is entitled to recover; hence the question for you to determine is, did this driver in attempting to cross this railroad exercise that degree of care and prudence which the law required of him and which the safety of his passengers demanded?  If he did, then the plaintiff has not made out her case; if he failed in that, then she has made out her case and she is entitled to a verdict.  In the carrying of passengers, a common carrier is bound to exercise the highest degree of care and prudence; and you are to say whether this driver, in approaching this crossing, did exercise that degree of care which the law required; that is, whether in your judgment there was any thing which he might have done upon that occasion, the doing of which would have prevented the accident.  If you shall say that there

was, then there was negligence on the part of this driver, for which the company is responsible, and the plaintiff would be entitled to a verdict." "This plaintiff cannot recover against this defendant unless you say that this company or this driver was negligent within the rules of law laid down by the court." "In this case the law required this company to exercise the highest degree of care and prudence, and this driver was the company, and for the purposes of this case he was the defendant; he was charged with the safety of the passengers; he was approaching what the law regarded as a dangerous place, and he was bound to use the highest degree of care and prudence; the question for your determination is, did he exercise it? If you find that he did everything that a prudent man ought to have done under the circumstances, then this defendant is not liable, and the plaintiff cannot recover in this action." "If the driver did all that the law required him to do, then she cannot recover; if he failed, then you will give her a verdict in such amount as will fully compensate her for the injury complained of." At the close of the charge, counsel for the plaintiff asked the judge to charge this: "That this driver or this company is not relieved from liability unless they have satisfied the minds of the jury that this accident could not have been avoided by human foresight — by the utmost human skill and foresight." The judge so charged, with the modification that the burden of proof was upon the plaintiff. Defendant's counsel excepted to the charge so made, and also excepted to that part of the charge which instructed the jury that the defendant must show that it exercised the highest degree of care and skill.

It may be that some portions of the charge carried the rule of responsibility too far and were erroneous; but the defendant is confined to the particular portions which were excepted to. If there were any other portions of the charge of which it complained, it should have called the attention of the court and the opposite party to them, so that the court might have an opportunity to correct them. This accident happened at a place where the defendant's road crossed the tracks of a steam rail-

road, by the steam engine coming in contact with its car containing the plaintiff and other passengers. The portions of the charge excepted to when applied to a carrier of passengers at such a place were strictly accurate and are fully justified by ample authority. That, under such circumstances, the defendant was bound to use the highest degree of care and prudence, the utmost human skill and foresight, is the settled law. (*Ingalls* v. *Bills*, 9 Metc. 1; *Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 410; *Deyo* v. *N. Y. C. R. R. Co.*, 34 id. 9; *Maverick* v. *Eighth Ave. R. R. Co.*, 36 id. 378; *Caldwell* v. *N. J. Steamboat Co.*, 47 id. 282.)

The judgment should be affirmed.

All concur.

Judgment affirmed.