## POLLOCK *v.* BROOKLYN & C. T. R. Co.

### (*Supreme Court, General Term, First Department.*   June 26, 1891.)

1. HORSE AND STREET RAILROADS—INJURY TO PASSENGER—PROOF OF NEGLIGENCE.
    In an action against a street-railroad company for injuries to plaintiff caused by the derailment of a car in which she was a passenger, it appeared from plaintiff's evidence that the car was thrown from the track while turning a curve, and that the driver at the time was looking at some boys who were quarreling in the street. Defendant introduced evidence that the track at the place of the accident was in good condition, and was constructed in such manner as to materially reduce the chances of derailment, but no explanation was attempted as to what took place. *Held*, that the evidence was sufficient to carry the case to the jury on the question of defendant's negligence.

2. SAME—INSTRUCTIONS—EVIDENCE TO SUPPORT.
    It appeared in such case that plaintiff was pregnant at the time of the accident, and that a few hours afterwards she was delivered of a child, which was prematurely born.   After the birth of the child, plaintiff was ill of puerperal peritonitis. A physician testified that the illness might have resulted from other causes, but there was no evidence that it did result from such other causes.   *Held*, that the court properly refused to charge that if the peritonitis was caused by the negligence of plaintiff's attending physician, or by the negligence of the nurse, or was a consequence of her own poor health, then she could not recover, as such request was without testimony to support it.

3. TRIAL—INSTRUCTIONS—ERRORS CURED.
    Where an instruction is excepted to as misstating the evidence, and the court thereupon denies that he intended the meaning placed on the charge by counsel, and makes a clear and correct statement of the matter, the error, if any, in the charge is cured.
    VAN BRUNT, P. J., dissenting.

Appeal from circuit court, New York county.

Action by Rachael Pollock against the Brooklyn & Cross-Town Railroad Company for personal injuries.   From a judgment for $1,096 entered on a verdict recovered by plaintiff, and from an order denying a motion for a new trial, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Moore & Wallace,* (*Thomas S. Moore,* of counsel,) for appellant. *David Tim,* for respondent.

PATTERSON, J. The plaintiff sued to recover damages for personal injuries alleged to have been sustained by her while a passenger on one of the defendant's cars, and occasioned by the negligence of the defendant's servant, the driver of the car. At the close of the plaintiff's case a motion for a nonsuit was made and denied. The appellant insists there was not sufficient proof of negligence to go to the jury. As the testimony stood at that stage of the trial, it appeared that' the car was thrown from the track on a curve in the line as it turned from one street into another; that the driver was looking at some boys who were quarreling in the street, and that indicated inattention on his part, and supported the plaintiff's theory that the car "jumped the track" on turning the curve for the want of proper guidance of the horse. There was enough shown *prima facie* to establish that mismanagement of the driver was the cause of the car leaving the track. The motion to dismiss was renewed when the proofs were closed on both sides, and it is strongly urged by the appellant that it should have been granted. The testimony on behalf of the defendant certainly did show that the railway was in good condition on the day of the occurrence, and that the track at the point at which the car left it was constructed in such a manner as to reduce materially the chances of derailment. But no explanation is attempted of what took place; and it is quite probable that with a perfect road-bed and track, had the driver properly guided his horse, and not been diverted by the incident the plaintiff related, the car would not have gone off the rails. The judge was right in leaving it to the jury to find, on the whole testimony, whether the driver exercised due care in going around the curve.

There is no error in the refusal of the judge to charge as requested by the defendant's counsel; nor are the exceptions taken to the instructions given well founded. The plaintiff was pregnant at the time of the occurrence, and a few hours afterwards was delivered of a child. The evidence clearly shows it was prematurely born. A few days after the birth of the child the plaintiff was attacked with puerperal peritonitis, and was critically ill for several weeks. The medical witness testified that such an illness as supervened upon the miscarriage might be caused by other agencies, but there is not a word to show that either of them existed in this case. The judge was correct, therefore, in refusing to charge that if the peritonitis was caused by the negligence of the physician or nurse, or a consequence of her own poor health, she could not recover for any injury caused thereby. And, for the same want of any testimony to support it, the court was also right in refusing to charge that, if the child was born after the full period of gestation, the plaintiff could not recover. All the testimony showed directly, without a circumstance to impair it, that the child was prematurely born.

The only exception taken to the charge requiring notice relates to an expression of the judge as follows: "You have heard the statement of the doctor that such a jar or jolt as she [the plaintiff] has described might be a producing cause of premature childbirth, and also that the result might produce peritonitis." The physician did say, in so many words, that the miscarriage might have been occasioned by a jolt or jar; and, while he did not use the same exact words as those of the judge in regard to the peritonitis, it is perfectly plain he intended to be understood as testifying that, in the absence of what were called the "outside causes" of puerperal peritonitis, it would be attributable to the miscarriage in this case. No prejudice could have resulted in any way from the remark of the judge, even if it were strictly inaccurate; for the matter was subsequently put in a very plain, concise, and direct manner. The defendant's counsel "excepted to the statement of the court that the peritonitis was occasioned by the premature birth;" whereupon the court

remarked: "I do not mean to say that. He did not testify that it was absolutely caused by the premature birth. What I mean to say is that the doctor's evidence tended strongly to show that it was caused by the premature birth. He stated that there were other causes that might produce peritonitis." The judgment, and order denying the motion for a new trial must be affirmed, with costs.

BARRETT, J., concurs. VAN BRUNT, P. J., dissents.