(13 Misc. Rep. 134.)

### STIERLE v. UNION RY. CO. OF NEW YORK CITY.

(Common Pleas of New York City and County, General Term.  June 3, 1895.)

CARRIERS OF PASSENGERS—DEGREE OF CARE—STREET CARS.

> The rule that a carrier is bound to exercise "all the care and skill that human prudence and foresight can suggest" to secure the safety of its passengers does not apply to street-car lines operated by horse power. Pryor, J., dissenting.

Appeal from trial term.

Action by Xavier Stierle against the Union Railway Company of New York City for personal injuries.  From a judgment entered on a verdict in favor of plaintiff, defendant appeals.  Reversed.

For decision on motion to resettle order denying a motion for a new trial, see 31 N. Y. Supp. 1008.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

William N. Cohen and Henry L. Scheuerman, for appellant.
Leopold Leo, for respondent.

BISCHOFF, J.    Plaintiff sued for and recovered damages for injuries sustained by him when a passenger upon a car of the defendant, a corporation engaged in the operation of street cars drawn by horses in the city of New York.   At the request of the plaintiff, and over the appellant's exception, the learned trial judge charged "that, in respect to carrying passengers, a railroad company is bound to exercise all the care and skill which human prudence and foresight can suggest to secure the safety of their passengers." Under the circumstances of many cases, the proposition charged might well have been a correct rule of law.   To this degree of care a carrier of passengers is often held, where the danger of great injury is attendant upon an accident which it would be within the power of the carrier to avoid.   Palmer v. Pennsylvania Co., 111 N. Y., at page 492, 18 N. E. 859;  Weber v. Railroad Co., 58 N. Y. 462. But the rule declaring the measure of "ordinary care" required of a carrier operating a steam railroad upon which cars are propelled with great velocity is not necessarily applicable where the act of carriage is performed through the agency of a street car drawn by horses.   Unger v. Railroad Co., 51 N. Y., at page 501.   And in this case the facts shown did not appear to call for the application of any such stringent rule as that laid down.   We cannot, by any means, hold that this instruction to the jury did not operate to the appellant's prejudice, and there must be another trial of the cause. Judgment reversed, and new trial ordered, with costs to appellant, to abide the event.

DALY, C. J., concurs.

PRYOR, J. (dissenting).    The judgment is reversed upon a proposition to which I am unable to assent, namely, that the degree of care required of a carrier of passengers whose vehicle is drawn by horse power is not the same as is exacted of a carrier by steam railway. This court is committed to the contrary doctrine by the adjudication in Maverick v. Railroad Co., and the decision was affirmed by the court of appeals.    36 N. Y. 378, 381.    In Coddington v. Railroad Co., 102 N. Y. 66, 69, 5 N. E. 797, the court of appeals reiterated the rule; saying of a street-car company that "it was bound to use the highest degree of care and prudence, the utmost skill and foresight," and that "such is the settled law."   I recall no authority in this state for the position maintained by my brethren.    It is certainly not sanctioned by the cases cited in its support.    How am I henceforth to charge the jury in an action by a passenger against a street railroad for injury in the carriage?  that the defendant is to be held only to the exercise of ordinary care?    The law, as it

stands, may not consist with reason; but I apprehend that it may be abrogated only by this legislature,. or by the court of last resort. I am for affirming the judgment.