been received; and, when so received, it would have been a question for the jury whether there was an indebtedness by defendant to plaintiff's husband which constituted a consideration for the bond and mortgage. It is true that, even if defendant correctly alleged in his answer the original transaction between himself and the plaintiff's husband, it would still have been competent for him, after the death of plaintiff's husband, and with the assent of the persons then interested in the property, to retain title to the property, and give the bond and mortgage for the money advanced by plaintiff's husband for the purchase price thereof. The defendant, however, did not concede he gave the bond and mortgage under such circumstances, but testified that he gave them without any consideration, and solely for plaintiff's accommodation; and it was a question for the jury what the circumstances were under which the bond and mortgage were given. It could not be determined by the court. Some of the evidence offered was objectionable, and should not have been received. Some of it, however, was clearly competent and proper; and we think, under the rulings of the court, fairly considered, the defendant was denied an opportunity to give competent and material evidence in support of his defense, and that, such evidence having been received, the questions raised would have been for the jury, and not for the court.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

(7 App. Div. 312)

HASTINGS v. CENTRAL CROSSTOWN R. CO.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. CARRIERS—INJURIES TO PASSENGER—PROOF OF NEGLIGENCE.
    While plaintiff was a passenger on defendant's horse car, a place was reached where there were a great many tracks, and the street was in such bad condition that the car was obliged to stop. Plaintiff testified that, when the driver undertook to start the car, he gave the horse a blow with the whip, whereupon the horse made a plunge, and the car went off the track, and plaintiff was thrown off, and injured. *Held*, that the evidence was sufficient to present a question to the jury as to defendant's negligence. Ingraham, J., dissenting.

2. SAME—DERAILMENT OF CAR.
    Negligence is not to be imputed to a street-car company from the mere fact that the car left the track.

3. SAME—CONTRIBUTORY NEGLIGENCE—RIDING ON FRONT PLATFORM OF CAR.
    It is not negligence per se for a passenger to ride on the front platform of a horse car. Ingraham, J., dissenting.

Appeal from superior court of New York City, trial term.

Action by George Hastings against the Central Crosstown Railroad Company for personal injuries. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Arthur Furber, for appellant.

J. Aspinwall Hodge, Jr., for respondent.

PATTERSON, J.   This action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger upon a car belonging to the defendant, a street-railway company, which injuries, it is alleged in the complaint, were caused by the negligence of the defendant's servant, the driver of the car.   The plaintiff, at the time the accident occurred, was riding on the front platform of the car, which circumstance induced the trial judge to dismiss the complaint, on the ground that the evidence showed that the plaintiff failed to place himself in as safe a position in the car as he was able to obtain.   That was attributed to the plaintiff as negligence on his part to defeat his right to a recovery. From the judgment entered upon the dismissal of the complaint, and from an order denying a motion for a new trial, the plaintiff appeals.

It appears that the plaintiff entered the car on the rear platform, and was smoking, and, according to his story, he was told by the conductor that if he wished to smoke he must go to the front platform.   There were not many passengers in the car, and he could have found a seat in it.   Acting upon the assumed invitation of the conductor, he went to the front platform.   The car was going along West street, and when it reached the curve at West Eleventh street the condition of the pavement between the tracks was such that the horse drawing the car was compelled to stop.   There appears to have been quite a network of tracks at or near this point. According to the plaintiff's version, the driver gave the horse a blow with a whip, the horse made a plunge, and the car went off the track.   The next thing the plaintiff knew was that he was picked up by two laborers, and carried across the tracks to a woodshed in the neighborhood.   He was seriously injured by falling or being thrown from the car.   The plaintiff's account of the occurrence with respect to the act of the driver and the cause of his falling off the car is contradicted by the defendant's witnesses.   The plaintiff further testified that the street and the tracks generally were in very bad condition; repairs were being made to the pavement on the street, but those repairs had not been completed at the place at which the car went off the track. It was apparently a perilous place, in consequence of the condition of the street.   The plaintiff says that, noticing that fact, he had grasped the hand rail, but had released his grasp upon being called on by the conductor to pay his fare.   The motion for a nonsuit was made upon two grounds: First, that negligence on the part of the defendant's servant, the driver, was not shown; and, secondly, alleged contributory negligence of the plaintiff. There was evidence (coming from the plaintiff himself) to show the negligence of the driver.   Counsel for the plaintiff insists that negligence is to be imputed to the defendant from the mere fact that the car left the track, upon the authority of Edgerton v. Railroad Co., 39 N. Y. 237, and subsequent cases to the same effect.   But the rule applied in that case refers altogether to steam railways, and to cases where not only the vehicles but

the tracks are within the entire control of the defendant. It would be grossly unjust to extend that rule to street-railway companies, which have no exclusive control over the track or roadway, but whose tracks are daily used by thousands of other vehicles, and are placed in public streets under the control of the city authorities, and in which work is constantly being done on or under the roadways and tracks. But there was in the testimony of the plaintiff, if it is to be believed, very positive evidence of negligence on the part of the driver, and it is only upon the theory that the statement is true that the question of negligence could properly have been left to the jury. The condition of the street and of the track, according to that testimony, was such as called for more than ordinary care on the part of the driver. The difficulty of making progress was so great, according to the plaintiff's account, that the horse stopped, and it was (if the plaintiff's story be true) the sudden blow with the whip that started the horse, whose plunging forward caused the car to leave the track. There was, therefore, some evidence of negligent conduct on the part of the defendant's servant inducing the accident.

The learned judge held that it was contributory negligence on the part of the plaintiff to ride on the front platform, that not being the safest place for him. We assume that the learned judge meant the safest place under all the circumstances of the case. It is not negligence per se for a passenger to ride on the front platform of a street-railway car. Spooner v. Railroad Co., 54 N. Y. 230; Sheridan v. Railroad Co., 36 N. Y. 39; Clark v. Railroad Co., Id. 135, Nolan v. Railroad Co., 87 N. Y. 63; Graham v. Railway, 149 N. Y. 336, 43 N. E. 917. It is suggested that in the cases in which the rule referred to has been applied it appeared that the passenger on the platform was riding on a crowded car, and could not find a seat in the interior; but that is not so, and the rule is not confined to such conditions only. In Nolan v. Railroad Co., supra, the facts closely resembled those in the case before us. There the plaintiff got upon a car of the defendant in which there were many vacant seats inside. He went to and was smoking upon the front platform; the conductor took his fare; the driver struck one of the horses with his whip; the horse plunged, gave the car a jolt, which threw the plaintiff off, and the plaintiff was run over and injured; and it was held that contributory negligence, as a matter of law, could not be imputed to the plaintiff from the fact of his riding upon the front platform, but that that question was one for the jury. In the opinion in that case the authorities are collated and criticised, and it is stated that the rule is settled (independently of a statute not applicable to this case) that, even with relation to cars on steam railways, it is not negligence per se for a passenger to stand on the front platform while the car is moving, and it is said that the question is one of fact for the jury, taking into view all the circumstances of the case. We are referred by the counsel for the respondent to the case of Bradley v. Railroad Co., 90 Hun, 419, 35 N. Y. Supp. 918, as an authority sustaining his contention that there was contributory negligence on the part of the plaintiff in this

action, and that the plaintiff must be regarded as having assumed all the hazards of being in a more perilous place than he would have been in had he taken a seat in the interior of the car; but the decision in the Bradley Case was based altogether upon the special facts appearing in evidence, as the opinion shows. There the plaintiff went upon the front platform, out into the storm and darkness of the night. The tracks were icy and slippery. It was snowing steadily all the time that he was upon the car, and the tracks were in a very slippery condition. The accident that occurred was attributed to the driver suddenly applying the brake, but nobody saw any such act of the driver, and it appeared "just as if there was a rock or something on the car track." The court considered that it was negligence for the plaintiff to ride on the front platform under such circumstances, or, at all events, that he assumed the risks of such an occurrence as that described, which might have been, as the court suggests, the result of the car wheels striking some obstruction on the track. But under the facts as they might have been found in the case at bar, it not being negligence in itself for the plaintiff to stand on the front platform, the jury should have been allowed to consider all the circumstances that were in evidence of the plaintiff protecting himself by grasping the hand rail, and letting it go only in order to pay his fare to the conductor, and all the other attendant circumstances that would either fix upon him or relieve him from the responsibility for doing something which he should not have done or of omitting to do something he should have done to prevent the accident. We think the case was wrongly disposed of by being taken from the jury, and that it should have gone to them on both the questions involved.

The judgment and the order denying the plaintiff's motion for a new trial must be reversed, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and WILLIAMS and O'BRIEN, JJ., concur.

INGRAHAM, J. I dissent on the ground that there was no evidence to justify a finding that the defendant was guilty of negligence. The only act that it is claimed was negligent was the striking of the car horses with a whip, and it appears from the evidence that it was necessary that the horses should be urged to enable them to pull the car over the track. I also think that the plaintiff took upon himself the risk attending a passage over this track upon the front platform of the car instead of going into the car, where he would have been entirely safe, and where the slight jolt, which was not felt by those inside the car, would not have injured him.