The true rule of law is "that a party will be protected as holder of negotiable paper,·although fraudulently transferred, when he has received it before maturity, without notice of the fraud, and in good faith, and parted with something of value for it at the time of its transfer." Coddington v. Bay, 20 Johns. 637; Bank v. Watson, 42 N. Y. 490; Bank v. Noxon, 45 N. Y. 762; Moore v. Ryder, 65 N. Y. 438.

We think that the plaintiff was entitled to recover from the defendant company the sum of $450, and that, therefore, the direction of the court to the jury to find a verdict for the defendant was erroneous; and the judgment should therefore be reversed, with costs to the appellant to abide the event of the action. All concur.

---

(18 Misc. Rep. 383.)

### SEELIG v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. October 30, 1896.)

1. CARRIERS—NEGLIGENCE OF STREET-CAR DRIVER.
   It is negligence for a street-car driver to run the car at an unusual rate of speed in approaching a switch which he knows to be dangerous.
2. SAME—CONTRIBUTORY NEGLIGENCE.
   It is not negligence per se for a passenger to ride on the front platform of a street car.

Appeal from trial term.

Action by Charles Seelig against the Metropolitan Street-Railway Company to recover damages for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN and FITZSIMONS, JJ.

H. A. Robinson, for appellant.
P. Carpenter, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment in favor of the plaintiff entered upon a verdict of a jury for $625, and also from an order denying the defendant's motion for a new trial, made upon the minutes. This action was brought to recover damages for an injury to the plaintiff's person, caused by the negligence of the defendant railroad company, while he was a passenger on one of their cars. The evidence shows that on the evening of December 11, 1894, the plaintiff boarded one of the defendant's cars at the corner of Spring street and the Bowery, which car was going through Spring street towards Broadway. The plaintiff got upon the rear of the car, having a cigar in his hand. The conductor said to him: "No smoking at the back. You'll have to go to the front platform. Smoke on the front platform of the car,"—whereupon plaintiff went through the car onto the front platform, and there paid his fare. Plaintiff stood on the right-hand

side of the front platform. He had thrown his cigar away, and with both hands held onto the rail of the car, back of him. Between Mott and Mulberry streets the plaintiff was thrown from the car, onto his head and shoulder, and his leg was thrown under him, and he was otherwise injured. The car was running from east to west on the uptown track, and there was another track parallel with this, on which the cars were running from west to east; and at or about the place of accident there was a switch crossing between the two tracks, and connecting the same so that a car could run from one track over to the other. The evidence further shows that the car was going at a very quick rate of speed, and that the driver did not slacken his speed on approaching the switch; that it was going down grade faster than the usual speed of a street car; that it did reach the switch where the accident happened; that the switch was open, and when the car reached the switch, while the horses were pulling the car along the upbound track, the car ran into the open switch, turned southward, and ran off the track, and was standing across the street, thereby causing an unusual and powerful jerk, in consequence of which the plaintiff was thrown off. And the evidence further shows that the car driver remarked to the plaintiff "that he knew that switch would some day get him into trouble." The car driver lost his lines, and if he had not caught the brake he would have gone off the car too. All this shows, and from it it can be reasonably inferred, that the jerk was an extraordinary one. There was in this case a conflict of evidence between the witnesses. For instance, one witness testified that the car was thrown off the regular track by the switch, and had to be pulled back. Another witness testified that the car had not reached the switch, and that the switch had nothing to do with the accident. But the contention between the parties was fairly and squarely submitted to the jury by the trial judge, and the jury having found, upon all the conflict of evidence, and the evidence itself, in favor of the plaintiff, there is only for us, under the rules of law, to consider whether there was evidence enough in the case, direct or inferential, which will sustain the verdict of the jury for the plaintiff. The evidence which we have pointed out above leads us to the conclusion that the driver of the car, who ran it at an unusual rate of speed in approaching the switch, which he knew to be dangerous, should have been more than ordinarily careful and cautious, and this the evidence does not show. The driver's failure to do so constituted sufficient negligence to sustain the verdict. There is no doubt that the car striking the open switch at an unusual rate of speed caused the sudden and forcible jerk which threw plaintiff off the car.

Having thus disposed of the negligence of the defendants, it only remains to consider the negligence of the plaintiff contributing to the accident. The fact that the plaintiff was riding as a passenger on the front platform of the car is not per se negligence. Vail v. Railroad Co., 147 N. Y. 377, 42 N. E. 4; Graham v. Railroad Co.,

149 N. Y. 336, 43 N. E. 917. We have examined all the cases cited by the attorneys on their respective briefs, and it seems to us that the case of Hastings v. Railroad Co., 7 App. Div. 312, 40 N. Y. Supp. 93, is conclusive on this appeal.

Judgment is affirmed, with costs. All concur: