## RAMSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  January 9, 1903.)

1. CARRIERS—STREET RAILROADS—INJURY TO PASSENGER—CONTRIBUTORY NEG-
    LIGENCE.
        Where, at the time of a passenger's injury by the derailment of a street
    car in which she was riding, she was seated in the car, the question of
    contributory negligence did not arise.

2. SAME—NEGLIGENCE OF CARRIER—DEFECTIVE TRACK.
        At the time of the derailment of a street car the road was being
    changed to be operated by electricity.  The pavement had been removed,
    and sand was piled and barrels of gravel had been left along the track.
    The car struck one of these barrels, and was derailed, throwing plaintiff,
    a passenger, to the floor, causing her injuries.  Held to justify a finding
    of negligence on the part of the carrier.

3. PLEADING—ALLEGATION OF INJURIES—PROOF.
        Where a complaint alleged that plaintiff, a passenger, was thrown
    against a car and severely injured "in and around the head and body,
    and that by reason of the premises plaintiff was made sick, sore, and
    lame, and was caused to suffer, and still suffers, great bodily pain, and
    by reason of the permanent character of such injuries she may never re-
    cover therefrom," it was insufficient to justify evidence that such accident
    created a physical condition in plaintiff known as "retroversion," which
    rendered her incapable of bearing children.

4. SAME—APPEAL—HARMLESS ERROR.
        A judgment in favor of plaintiff in an action for injuries amply sus-
    tained by competent evidence will not be reversed for the erroneous ad-
    mission of evidence concerning an injury not pleaded, where plaintiff and
    her physician were permitted by defendant to testify thereto without ob-
    jection, and no objection was made on the ground that the evidence
    was incompetent under the pleadings, until, on cross-examination of
    another physician, such objection was made to a question relating to such
    injury, the answer to which did not positively show that the accident
    caused the particular injury objected to.
        Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Euphemia Ramson against the Metropolitan Street
Railway Company.  From a judgment in favor of plaintiff and from
an order denying a new trial, defendant appeals.  Affirmed.

The action is to recover for personal injuries sustained by the plaintiff by
being thrown from the seat to the floor of one of the defendant's north-
bound open horse cars on Sixth avenue, between Thirty-Fifth and Thirty-
Sixth streets, on the afternoon of September 2, 1898.  The cause of the acci-
dent was due to an obstacle on the right side of the track, which tipped the
car over towards the left, and caused it to run off the track.  The complaint
alleges that the plaintiff "was thrown against said car, and severely injured
in and around the head and body," and that "by reason of the premises afore-
said plaintiff was made sick, sore, and lame, and was caused to suffer and
still suffers great bodily pain, and by reason of permanent character of said
injuries she may never recover therefrom."  The plaintiff testified that they
were laying the electric line on Sixth avenue between Thirty-Fifth and Thirty-
Sixth streets at that time, and there were obstructions and a ditch ran along-
side the track; that when the car tipped it sent the passengers down, and
her little girl fell, and she also fell, going over her, and coming down on her
left side and back, striking something; that she had severe pain in her back,
side, and knee, and left the car, telephoned her husband, and went home to

---

¶ 3. See Damages, vol. 15, Cent. Dig. § 441.

bed; that she has not gotten over the sharp pain in her side and back; that it keeps her from doing her household duties, and she suffers very much at the time of her periods. She further testified that in June, 1898, she had a miscarriage, and an operation was thereafter performed, and she left the hospital perfectly well, but that after the accident she had a miscarriage in April, 1898, and since that time has had several miscarriages, and has not been able to have any children. No exception was taken to the introduction of this testimony. The plaintiff's physician then testified that in June, 1898,— which was over two months before the accident,—he performed an operation of "curetting" upon her, and she left the hospital in perfect condition; that he examined her to-day, and discovered that she is suffering from retroversion, which generally causes miscarriages. No exception was taken to the admission of this testimony on the ground that such injury was not pleaded or otherwise. The physician was then asked the hypothetical question: Assuming that a woman of plaintiff's age was operated on in June, 1898, by being curetted, and her condition thereafter was one of perfect health, and in September, 1898, she was thrown from her seat to the floor of a car, striking between her left hip and the small of her back, since which time she has had pain in her back, particularly at her periods, and is now in a condition known as "retroversion," and during the time has had several miscarriages, whether the fall was a competent producing cause for such condition. Objection was made that the question was inadmissible and immaterial and did not assume all the facts proven, but not that the pleadings did not permit such proof to be given. Under exception the physician said he "could," and that such an accident "may be" a competent producing cause. Thereafter he said "Yes," and he believed it to be the cause. It was only when another physician was called, and had testified as to the plaintiff's condition, and had discussed retroversion, and was then asked a similar hypothetical question, which he answered by saying, "Yes, sir, it could," and was asked, "You can say?" and responded "Yes," that objection was made that the question was incompetent under the pleadings. It is to be noticed, furthermore, that this physician did not at this time say the fall did cause her condition, and that the condition was permanent, although he testified that it was impossible for her to bear children; and it was on cross-examination that he testified that he did want to say that the fall caused the results he found. For the defendant the conductor testified that "the step of the car hit the barrel, and threw it to one side about two feet off the track, and the barrel was against the side of the car," and that the car was going slowly on account of the construction there, and stopped immediately by striking the barrel, which was filled with gravel. The driver stated that the paving stones were taken up at the place, and that he saw the barrel on a pile of sand, and there was plenty of room to pass, the barrel being "two feet from the track," and that the barrel rolled down and struck the car "because the barrel moved while the car was passing." He admits, however, that he did not see the barrel move. Two causes of action were in fact tried together, relating to the accident of September 2, 1898, one for the plaintiff and one for her husband. The jury returned a verdict of $1,000 for the plaintiff and a verdict of 6 cents for the husband. From the judgment entered in favor of the plaintiff, the defendant appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
Henry Escher, for respondent.

O'BRIEN, J. The question of plaintiff's contributory negligence does not arise, it being conceded that she was seated as a passenger in the car when the accident happened. The defendant's negligence is predicated upon the fact that the car suddenly and violently left the track and tilted to one side, throwing the plaintiff to the floor, and causing her injuries. This fact, together with evidence that the

track at the place was being changed to electric service, that cobble stones were removed, that sand was piled along the track, a trench dug, and barrels of gravel were present, and that a barrel of gravel was the obstacle encountered by the car, causing it to be thrown from the track, justified the inference that the driver was negligent in his failure to observe due care in the operation of the car. The mere fact of derailment is not sufficient (Stevenson v. Railroad Co., 35 App. Div. 479, 54 N. Y. Supp. 815); but this, together with evidence as to its cause, from which the inference might be drawn that the defendant's act or negligence produced it, is sufficient to present a question for the jury upon the subject of defendant's liability. Hastings v. Railroad Co., 7 App. Div. 312, 40 N. Y. Supp. 93; Pollock v. Railroad Co. (Sup.) 15 N. Y. Supp. 189. A case somewhat similar to this is that of Hollahan v. Railroad Co., 73 App. Div. 164, 76 N. Y. Supp. 751. There a passenger standing on the front platform of a horse car was thrown to the street at a place where side tracks led into the defendant's stables, and the car swerved to that side, and a recovery was upheld. Here, as there, the jury were not left to speculate as to the cause of the accident, but a reasonable and almost conclusive basis was established for the finding that the defendant was negligent in permitting the track to be and remain in a dangerous condition, and that such an accident should have been anticipated and avoided. A barrel of gravel which is only two feet from the track, and placed upon a sand pile, beside which there is a trench, is in such a situation that it is very likely to be struck by the running board attached to the side of an open car, which itself projects some distance over the track. This is taking the driver's version that the barrel moved; which, however, he does not know, as he did not see it.; and a fair inference is that the barrel was left by the defendant too near the track, and in the way of the car, or was so left that it got upon the track, and thus caused the accident.

The more serious question presented relates to the alleged error in the admission of evidence, it being claimed that, in view of the allegations of the complaint, it was improper to permit the testimony to be given of the particular injury, caused by the accident, from which the woman suffered, and which rendered her incapable of bearing children. The complaint, it is true, does not contain allegations of injury which would show that specific injury; nor can it be concluded that such an injury was necessarily caused by the accident. The general rule is that injuries which necessarily flow can be proved, but that those which may naturally flow cannot be proved unless specially pleaded. Geoghegan v. Railroad Co., 51 App. Div. 369, 64 N. Y. Supp. 630. The testimony as to plaintiff's particular injury was, therefore, inadmissible under the pleadings; but upon an examination of the record we find that the plaintiff herself was permitted, without objection or exception, to fully state her physical ailments which followed the accident; and that her physician corroborated her statement, also without objection; and even when the hypothetical question was asked him objection was not made that such matter was not pleaded. It was when another phy-

sician was called, and was asked a similar question, which he did not answer positively, so as to show that the fall did cause the specific injury mentioned, that the objection was first made that the pleadings did not permit such evidence to be given, and only on cross-examination did he say that the fall had caused inability to bear children. Though we concede the rule to be that, where incompetent evidence is admitted in the first instance without objection, and a subsequent effort is made to get in the same evidence over objection, it is the duty of the court to exclude it, and its admission is error, still the fact that it has once been admitted has an important bearing upon the question whether or not the subsequent admission under exception was prejudicial to the party against whom it was offered. In that light the record is to be further examined for the purpose of determining whether the admission of the evidence constitutes reversible error. In civil cases the presumption is that all incompetent evidence is harmful, and it is only where it appears clearly that it was not harmful that it can be disregarded by an appellate court. Starting, therefore, with the presumption that the objectionable testimony was harmful, we approach the consideration of the exception with a view to determining whether or not upon this record it appears that such presumption is overcome by circumstances which show that in fact the evidence was not prejudicial. It might very well be contended that no prejudicial evidence on the subject of the plaintiff's special injuries was admitted under exception, properly taken, that it was not within the pleadings; because, when such exception was taken, the testimony adduced was vague and conditional, and it was not in fact until the cross-examination that one of the physicians positively stated that the plaintiff's fall caused inability to bear children. It appears further that the testimony which without question was properly admitted supports the finding that the defendant was negligent, and would support a much larger verdict. This verdict is not excessive compensation for the injuries which it was shown necessarily flowed from the accident. As stated, a verdict for a much larger amount, based solely on the testimony which was clearly competent, would be warranted. The plaintiff is content with the verdict, and the defendant upon a new trial could not hope, if its liability were established as here, to escape with the payment of a smaller amount. Upon an amendment of the pleadings the evidence now assailed would be admissible, and the probabilities would be favorable to a larger verdict. The defendant would thus gain nothing by a new trial, and, as the plaintiff has not appealed, it would serve no useful purpose to add to the retrial of causes and to the clogging of our calendars by granting one on account of what at best is to be regarded as a good formal exception to evidence which the record shows was not harmful.

We think, therefore, that the judgment and order should be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concur.

McLAUGHLIN, J. (dissenting). We dissent from the conclusion that the judgment should be affirmed. Although the testimony bear-

ing upon the question of the inability of the plaintiff as the result of her injuries to bear children was, in the first instance, admitted without objection, it was clearly within the rights of the defendant at any subsequent stage of the trial to object, and have excluded any other evidence upon that subject, if, under the pleadings, it was incompetent. Here the complaint contained no such allegation of special damage. It has many times been held that under general allegations of injury from a specified cause only those can be proved which necessarily flow from such an injury, and that other, additional injuries, though such as might naturally flow from and be caused thereby, cannot be proved unless pleaded. Geoghegan v. Railroad Co., 51 App. Div. 369, 64 N. Y. Supp. 630; Reed v. Railroad Co., 69 App. Div. 103, 74 N. Y. Supp. 573; Hergert v. Railway Co., 25 App. Div. 218, 49 N. Y. Supp. 307; Kleiner v. Railroad Co., 162 N. Y. 193, 56 N. E. 497; Gumb v. Railroad Co., 114 N. Y. 411, 21 N. E. 993. Here the character of the injuries which are described in the complaint as resulting from the accident did not necessarily include miscarriages or inability to bear children, and the admission of such evidence over the defendant's objection was error. The record shows that the court admitted such improper testimony, and that the defendant objected and excepted to its introduction; and it follows, we think, that this judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs.