SARAH ADAMS, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

*Negligence — injury from the derailment of an electric street car — doctrine of res ipsa loquitur — burden of proof.*

In an action brought by a passenger upon an electric street car against the street railway company to recover damages for personal injuries sustained by her in consequence of the derailment of the car, in which evidence is given tending to show that at the time of the accident the car was proceeding at a very rapid rate of speed, and that, either on account of its excessive speed or the condi-

tion of the track, it had a slight swinging motion, and also that there was a sag of a quarter of an inch in the track at or near the place of the accident, the doctrine of *res ipsa loquitur* applies, notwithstanding the fact that evidence is offered by the street railway company tending to show that a small piece of iron was found on the flange of the rail which it claimed accounted for the accident.

*Semble*, that that doctrine is applicable to all derailments of steam railroad cars and of cars operated by mechanical and electrical devices.

Where the doctrine of *res ipsa loquitur* applies, the happening of the accident and the attending circumstances raise a presumption of negligence sufficient, in the absence of any explanation on the part of the defendant, to warrant a finding of negligence.

It is then incumbent upon the defendant, in order to escape liability, to offer evidence tending to rebut this presumption of negligence, but the burden of proof is not shifted upon the defendant, but remains upon the plaintiff throughout the trial.

APPEAL by the defendant, the Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of April, 1902, upon the verdict of a jury for $3,750, and also from an order entered in said clerk's office on the 22d day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Addison C. Ormsbee*, for the appellant.

*Albert A. Wray*, for the respondent.

LAUGHLIN, J. :

On the 23d day of September, 1899, at about six o'clock in the evening, the plaintiff boarded a north-bound car on the defendant's Third avenue line at One Hundred and Thirty-eighth street and paid her fare as a passenger. It was an open car propelled by electric power, and between Wendover avenue and One Hundred and Seventy-second street, while it was running at a high rate of speed, it jumped the track and struck an elevated railroad pillar precipitating the plaintiff forward and inflicting injuries to recover for which this action was brought. The court instructed the jury, among other things, that the plaintiff made out a *prima facie* case by showing that the car left the track without any apparent reason so far as she could ascertain, and " that the burden of proof is cast upon the

defendant to show and give an explanation as to the cause of the accident;" also that "you must determine in this case whether the defendant has satisfied you by the testimony which is offered in this case as to what the cause of this accident was. If the company has satisfied you that it could not have avoided this accident and that it was an inevitable one, and that it was something which happened through the act of some third party over whom it had no control, your verdict must be for the defendant;" and also that "if the company has not made it clear and has not satisfied you, I will charge you as a matter of law, the plaintiff having shown the accident happened, which is otherwise unaccountable, under the circumstances of the case, that you would have a right to find that the plaintiff has established negligence on the part of the defendant, and it would then be liable." The court further charged at the request of counsel for the defendant, "There is no presumption of negligence against the defendant arising from the mere happening of the accident;" and that "the defendant was not the insurer of the plaintiff's safety." Also, that "negligence is not to be imputed to the defendant from the mere fact that the car left the track." The court further instructed the jury at the request of counsel for the defendant that if "this was an unavoidable accident, happening in the ordinary course of traffic, without negligence on the part of the defendant or its servants, then their verdict must be for the defendant." Counsel for the defendant thereupon requested the court to instruct the jury that "if the evidence in the case is evenly balanced as to whether or not the accident was due to negligence of the defendant, or its servants, then, and in that event, the defendant is entitled to a verdict;" and also that "if the evidence in the case is equally consistent with the absence of negligence as with its presence then the defendant is entitled to a verdict." Counsel for the defendant further requested the court, "In view of the counsel's summing up I ask your Honor to charge the jury that the burden is not upon the defendant to prove that there is no negligence in this action." To this the court replied, "I have already charged what I think is the law in this case. I will merely state this, the plaintiff has made out a case by showing how the accident happened, and the burden is shifted upon the defendant to show that it was not guilty of negli-

gence." Counsel for the defendant excepted to the refusal of the court to charge as requested and to the charge as made; also excepted to the charge that in accidents of this character it is not incumbent upon the plaintiff " to show what caused the accident, but it is sufficient for the plaintiff to prove the car left the track and if the case had rested there the jury would have the right to assume that the defendant was negligent," and also to that portion of the charge casting the burden upon the defendant to give an explanation of the cause of the accident. Exception was also taken by counsel for the defendant to that portion of the charge in which the jury were instructed that they must determine whether the defendant has satisfied them that it could not have avoided the accident, and also to that portion of the charge in which the court instructed the jury in effect that only in the event that the defendant had so satisfied them would it be entitled to a verdict.

It is evident that the learned trial justice intended to apply the doctrine of *res ipsa loquitur* to this case, but the jury were erroneously instructed with reference to the burden of proof upon that evidence. Where the doctrine of *res ipsa loquitur* applies the happening of the accident and the attending circumstances raise a presumption of negligence sufficient to warrant a finding of negligence in the absence of any explanation on the part of the defendant. It is then incumbent upon the defendant in order to escape liability to offer evidence tending to rebut this presumption of negligence, but the burden of proof is not shifted upon the defendant as the jury were instructed in this case. The burden of establishing that the injuries were received through the negligence of the defendant rests upon the plaintiff at the commencement of the trial and there continues throughout the trial. (*Kay* v. *Metropolitan St. Ry. Co.*, 163 N. Y. 453; *Hollahan* v. *Metropolitan St. Ry. Co.*, 73 App. Div. 164; *Ludwig* v. *Metropolitan St. Ry. Co.*, 71 id. 210.)

This error requires a reversal of the judgment and that a new trial be granted.

We deem it proper, however, for the guidance of the court upon a new trial to determine whether the doctrine of *res ipsa loquitur* is applicable. As has been seen, the evidence indicated that not only was the car proceeding at a very rapid rate of speed, but that either on account of its excessive speed or the condition of the track it

had a slight swinging motion, and there was evidence also that there was a slight sag of a quarter of an inch in the track at or near the place of the accident. Evidence was offered on the part of the defendant tending to show that a small piece of iron was found on the flange of the rail which it claimed accounted for the accident. We are of opinion that on the facts of this case the doctrine of *res ipsa loquitur* should be applied. It is well settled that the doctrine is applicable to all derailments of steam railroad cars. (*Edgerton* v. *N. Y. & H. R. R. Co.*, 39 N. Y. 227; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408; *Curtis* v. *Rochester & Syracuse R. R. Co.*, Id. 534; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562.) It has also been applied to the derailment of street railway horse cars. (*Murphy* v. *Coney Island & Brooklyn R. R. Co.*, 36 Hun, 199; *Griffith* v. *Utica & M. R. Co.*, 17 N. Y. Supp. 692.) In other cases it has been declared that the rule would not be applicable to the derailment of cars upon a street railway track operated by horse power where the proof was merely that the car left the track. (*Hastings* v. *Central Crosstown R. R. Co.*, 7 App. Div. 312; *Hollahan* v. *Metropolitan St. Ry. Co.*, 73 id. 164; *Ramson* v. *Metropolitan St. Ry. Co.*, 78 id. 101. See, also, *Stevenson* v. *Second Ave. R. R. Co.*, 35 id. 474.)

*Hastings* v. *Central Crosstown R. R. Co.* (*supra*) was a horse car case. The car left the track at a curve. The plaintiff had been nonsuited, but there was evidence of negligence on the part of the driver which this court deemed sufficient to send the case to the jury. The appellant also contended that the doctrine of *res ipsa loquitur* applied, and on that subject this court said : " Counsel for the plaintiff insists that negligence is to be imputed to the defendant, from the mere fact that the car left the track, upon the authority of *Edgerton* v. *N. Y. & H. R. R. Co.* (39 N. Y. 227) and subsequent cases to the same effect. But the rule applied in that case refers altogether to steam railways, and to cases where not only the vehicles but the tracks, are within the entire control of the defendant. It would be grossly unjust to extend that rule to street railway companies which have not exclusive control over their tracks or the roadway, but whose tracks are daily used by thousands of other vehicles, and are placed in public streets under the control of the city authorities and in which work is constantly being done on or

under the roadways and tracks. But there was in the testimony of the plaintiff, if it is to be believed, very positive evidence of negligence on the part of the driver, and it is upon the theory that his statement may be true that the question of negligence should have been left to the jury."

In *Stevenson* v. *Second Ave. R. R. Co.* (*supra*) the plaintiff's son was injured by the derailment of a horse car and plaintiff recovered a verdict. The only other evidence of negligence aside from the derailment of the car was that the driver suddenly turned his horses to avoid a collision. The trial court held in effect that the doctrine of *res ipsa loquitur* was not applicable, and in this ruling the plaintiff acquiesced. On the appeal the plaintiff sought to sustain the judgment on the ground that this rule was applicable and that the decision of this court in *Hastings* v. *Central Crosstown R. R. Co.* (*supra*) was erroneous. The opinion of this court in the *Stevenson* case shows that the consideration of this question was not actually essential to the decision of the *Hastings* case; but also held that the appeal must be determined on the theory on which the action was tried, and that the plaintiff having acquiesced and being the respondent could not invoke the application of the doctrine of *res ipsa loquitur.*

*Hollahan* v. *Metropolitan St. Ry. Co.* (*supra*) was the case of an injury to a passenger caused by the derailment of a horse car. There was other evidence of negligence on the part of the defendant, and the application of the doctrine of *res ipsa loquitur* was not denied.

In *Ramson* v. *Metropolitan St. Ry. Co.* (*supra*) a passenger was injured by the derailment of a horse car, and there was other affirmative evidence of negligence on the part of the defendant sufficient to sustain the verdict. On appeal the defendant contended that the doctrine of *res ipsa loquitur* was not applicable, and that without the presumption raised by that doctrine the evidence was insufficient. This court, in the opinion, said, preliminarily to discussing the affirmative evidence of negligence: "The mere fact of derailment is not sufficient (*Stevenson* v. *Second Ave. R. R. Co.*, 35 App. Div. 479), but this, together with evidence as to its cause, from which the inference might be drawn that the defendant's act or negligence produced it, is sufficient to present a question for the jury upon the subject of defendant's liability. (*Hastings* v. *Central*

*Crosstown R. R. Co.*, 7 App. Div. 312; *Pollock* v. *Brooklyn & C. T. R. Co.*, 15 N. Y. Supp. 189.)" It is evident that this question was not necessarily involved or intended to be decided in that case.

As has been seen, these were all horse car cases, and in them it was not essential to the decision that the court should make application of this rule. Whatever the rule may be in that class of cases, we are of opinion, as already stated, that the doctrine *res ipsa loquitur* should be applied to cases of injuries to passengers caused by the derailment of street railway cars operated by mechanical or by mechanical and electrical power, or, in other words, that under such conditions the cases are to be assimilated to those in which the vehicles are operated by steam power.

Originally horse cars for the transportation of passengers were small and comparatively light. They were easily derailed. It is common knowledge that they could be and were readily derailed and pulled along the street to pass an obstruction and then driven back upon the track. The tracks themselves were not originally of heavy construction, and the rails were thin and light. Now the construction of the tracks is substantial and the rails are as heavy as those employed in the construction of steam railroads. The modern electric, cable and compressed air power cars are large and heavy, and not readily derailed. Although the power and speed of these cars are greater than of horse cars, yet if properly equipped with modern appliances they are more readily controlled, in proportion to their speed, at least. It is true that the street railway companies have not the exclusive use of their tracks, but between crossings they have the paramount right to such use. Steam railways have not the right to the exclusive use of their tracks at highway crossings, or where the tracks are constructed longitudinally along the surface of a street, as is the case in many instances. If the derailment of a passenger car on a steam railroad operated along the surface of a street gives rise to the presumption of negligence on the part of the company, on principle we see no reason why the rule should not be applied to street railway cars operated by modern power. It has been applied to collisions between street cars on the same track (*Wynn* v. *Central Park, North & East River R. R. Co.*, 133 N. Y. 575), also to collisions between street cars at street railway track crossings (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y.

380), and in case of a collision between a street car and a locomotive on a steam railroad it was held that the street railway company was liable to its passengers unless it satisfied the jury that the accident could not have been avoided "by the utmost human skill and foresight," and that "the defendant was bound to use the highest degree of care and prudence, the utmost human skill and foresight." (*Coddington* v. *Brooklyn Crosstown R. R. Co.*, 102 N. Y. 66.) It is the duty of a street railway company to its passengers to furnish a reasonably safe and sufficient track, car and equipments, including the appliances used for utilizing the power, and to so maintain them as far as this may be done by the exercise of the highest degree of skill, diligence and foresight. (Nellis St. Sur. R. R. 420; Booth St. Ry. §§ 328, 331; *Leonard* v. *Brooklyn Heights R. R. Co.*, 57 App. Div. 125; *Hegeman* v. *Western Railroad Corporation*, 13 N. Y. 9.) Ordinarily if this duty is performed and the motorman is vigilant in the performance of his duties a car will not be derailed. On principle, therefore, the rule is applicable. It is but just to the passengers that this rule should obtain; for ordinarily they have no means of knowing the cause of the accident; and if properly guarded by the trial court there is little danger that it will work injustice to the street railway companies. The burden will still rest upon the plaintiff of showing negligence on the part of the carrier. A *prima facie* case will be made by showing the derailment of the car resulting in injuries to the passenger, and the defendant then may show that the derailment was not occasioned through its negligence. If this evidence is clear and satisfactory it will overcome the presumption, and on the whole case the plaintiff will fail to bear the burden resting upon him, of proving negligence by a preponderance of the evidence.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., PATTERSON and O'BRIEN, JJ., concurred; McLAUGHLIN, J., concurred in result.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.