### SUGARMAN v. GOLDBERG.

(Supreme Court, Appellate Term.   November 14, 1906.)

VENDOR AND PURCHASER—INCUMBRANCES—UNEXPIRED LEASE.

A lease which does not terminate until after the time fixed in a contract of sale of the premises for the delivery of a deed thereof is an incumbrance.

[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Vendor and Purchaser, § 252.]

Appeal from City Court of New York.

Action by Joseph Sugarman against Samuel Goldberg.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Joseph Wilkenfeld, for appellant.
Tobias A. Keppler, for respondent.

PER CURIAM.   The surrender of the lease was from April 30th; the time for delivery of the deed, April 11th.   Manifestly the lease was an incumbrance not provided for in the contract, and the plaintiff is entitled to recover.   The case shows no prejudicial error.

The judgment should be affirmed, with costs.

(115 App. Div. 566)

### BRAUN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department.   November 16, 1906.)

1. CARRIERS—INJURY TO PASSENGER—PRESUMPTIONS—RES IPSA LOQUITUR.

Where a passenger on a street car was injured by the derailment of the car, it raised a presumption of negligence on the part of the carrier.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1283, 1288.]

Appeal from Municipal Court of New York.

Action by John Braun, by John V. Braun, as guardian ad litem, against the Union Railway Company of New York City.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Stephen J. Stilwell, for appellant.
William E. Weaver, for respondent.

WOODWARD, J.   The facts as stated by respondent are that the plaintiff, a seven year old child, was a passenger, in company with his father, on one of the defendant's cars, about 8 o'clock at night, on October 11, 1903.   The car was derailed—left the track, the front end of the car going into a ditch or excavation along the track—and the infant plaintiff sustained some personal injuries, for which this action sought recovery.   At the close of the evidence, in which the

defendant sought to establish certain facts in reference to the condition of the car and of the tracks, the learned court directed a verdict for the defendant, and appeal comes to this court.

The judgment should be reversed. Notwithstanding the suggestion in Hastings v. Central Crosstown R. R. Co., 7 App. Div. 312, 40 N. Y. Supp. 93, that the doctrine of res ipsa loquitur did not apply to horse street railways, we are of opinion that where, as distinguished from the plaintiff, the defendant has full charge of the rails, of the cars, and of the mode of their propulsion, the happening of an accident to the car upon which the plaintiff is a passenger, by reason of which the plaintiff sustains an injury, raises a presumption of negligence upon the part of the defendant; that the rule is one relating to carriers of passengers, and not merely to steam railroads. Hollahan v. Metropolitan Street R. Co., 73 App. Div. 164, 76 N. Y. Supp. 751; Palmer v. D. & H. C. Co., 120 N. Y. 170, 174, 175, 24 N. E. 302, 17 Am. St. Rep. 629; Cosulich v. S. O. Co., 122 N. Y. 118, 127, 128, 25 N. E. 259, 19 Am. St. Rep. 475, and authorities there cited. If we are right in this proposition, and it is conceded that the case was tried upon this theory, the defendant offering evidence intended to show that it had exercised the degree of care which the law demands, it was for the jury to say whether the evidence of the defendant was sufficient to overcome the presumption. It is true that the plaintiff's evidence was in nowise controverted. The plaintiff made a prima facie case. The defendant undertook to overcome that case by showing facts from which it might be inferred that it had exercised that degree of care which the circumstances required, and it was clearly a question for the jury to say whether it had overcome the presumption of negligence.

The judgment appealed from should be reversed, and a new trial ordered, costs to abide the event. All concur.