(53 Misc. Rep. 569)

### LUDINSKY v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term. April 10, 1907.)

CARRIERS—INJURIES TO PASSENGERS—PROOF OF NEGLIGENCE.

In an action for injuries to a passenger on a street car, where it was shown that the car, while being driven rapidly on a curve, left the track, whereupon plaintiff was thrown from the platform into the street, receiving

the injuries complained of, it was error to dismiss the complaint for failure of proof of defendant's negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 1288, 1307.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham Ludinsky against the Dry Dock, East Broadway & Battery Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Alexander Kahn, for appellant.
William E. Weaver, for respondent.

GIEGERICH, J. The action was brought to recover damages for personal injuries claimed to have been received by the plaintiff while a passenger on the defendant's street car. There was testimony on behalf of the plaintiff that all the seats in the car on which he was riding were occupied, and that he accordingly stood upon the rear platform; that the car approached the corner where the track turns from Avenue B into Second street at a rapid rate, and at the curve left the track, whereupon the plaintiff was thrown from the platform into the street, receiving the injuries complained of. The court dismissed the complaint for failure of proof, and from the judgment of dismissal this appeal was taken.

The defendant's counsel relies upon Hastings v. Central Crosstown R. R. Co., 7 App. Div. 312, 40 N. Y. Supp. 93, to sustain the proposition that the mere fact that a horse car is derailed is not of itself proof of negligence; but in the more recent case of Hollahan v. Met. St. Ry. Co., 73 App. Div. 164, 76 N. Y. Supp. 751, the Hastings decision was referred to, and it was pointed out that in that case there was evidence, not only of the derailment, but also of its cause, namely, that the driver, when in a dangerous situation, struck his horses with the whip. The Hollahan Case was in many respects quite similar to the one under consideration, in that there the car jumped the track and left the rails at a time when it was going at a "pretty good rate" and at a point where there were tracks leading out from the main track into the doors of the car stables. The court observed that, although such evidence was not strong and highly satisfactory, it nevertheless was within the province of the jury to infer negligence from the facts set forth. In the still more recent case of Braum v. Union Ry. Co. of N. Y. City, 115 App. Div. 566, 100 N. Y. Supp. 1012, which was also a case of a derailed car, the court held that, notwithstanding the suggestion in the Hastings Case, the doctrine of "res ipsa loquitur" did apply where, as distinguished from the plaintiff, the defendant has full charge of the rails and the cars, and of their mode of propulsion, and that under such circumstances the happening of an accident to the car upon which the plaintiff is a passenger, by reason of which the plaintiff sustains an injury, raises a presumption of negligence, and accordingly in that case the judgment dismissing the complaint was reversed. In this case it is not necessary to apply the doctrine of "res ipsa loqui-

tur," because, as in the Hastings Case, there is here present evidence, not only of the accident, but of its cause, namely, the rapid rate at which the car approached the curve. Therefore, under any of the authorities above cited, it was error to dismiss the complaint.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.