THEODORE T. EDGERTON, RESPONDENT, *v.* THE NEW YORK & HARLEM RAILROAD CO., APPELLANT.

*Negligence—Presumption—Rights of Passenger Riding on Freight Trains.*

Although the caboose attached to a freight train is not designed for the carrying of passengers, yet if the company use it for that purpose, and take fare from the passengers carried, they incur the same responsibilities as in the use of regular passenger cars.

THIS was an action brought to recover damages alleged to have been sustained from an injury received by the Plaintiff while riding as a passenger on the Defendant's cars.

The case shows that the Plaintiff purchased of Defendant a passenger ticket from New York to Albany.

That he rode upon a passenger train as far as Hillsdale, where he got off and remained from Saturday until Monday morning. While upon the train the conductor took from the Plaintiff his ticket, which specified that it was good for one day only, and gave him a check showing his right to a passage upon the train to Albany.

Upon Monday morning the Plaintiff got into a caboose attached to a freight train going to Albany, in which passengers were carried by the company, and fare received therefor.

The conductor called upon the Plaintiff for fare, and he presented the check received by him on the other train.

The conductor at first refused to recognize the right of the Plaintiff to ride in his train upon the check, and demanded payment of fare, which was paid by the Plaintiff.

After a short time the conductor returned the money so paid to the Plaintiff, and permitted him to ride upon the check.

Upon the arrival of the train at the Berkshire crossing, near Chatham Four Corners, the hind part of the caboose ran off the track, while the forward end still ran thereon, and collided with

a loaded freight car standing upon another track, and broke to pieces, by which the Plaintiff received the injury.

At the clóse of the Plaintiff's case the Defendant moved for a nonsuit upon the ground—first, that no negligence of the Defendant, or its employés, had been proved; and second, that the Plaintiff was guilty of negligence in riding upon that train; and third, that he was not a rightful passenger thereon.   The motion was denied, and the Defendant excepted.

At the close of the evidence, the Defendant renewed his motion for a nonsuit, upon the same ground, which was denied, and the Defendant excepted.

The Defendant excepted to portions of the charge.   The questions arising thereon sufficiently appear in the opinion.

The jury found a verdict for the Plaintiff, upon which judgment was rendered, which was affirmed, upon appeal, by the Supreme Court in the Second District, from which the Defendant appealed to this Court.

*Messrs. G. T. Jenks and J. Emott* for Respondent.

*Mr. Charles W. Sandford* for Appellant.

GROVER, J.—The only negligence imputed by the Defendant to the Plaintiff was in riding upon the caboose attached to the freight train, where, it is claimed, he was not a rightful passenger.

The case shows that, although the caboose was not properly a passenger car, and was used principally for carrying the employés of the company, yet that passengers were carried thereon, from whom the company received the usual fare.

The company, therefore, incurred the same liability to such passengers for their safety as it was under to passengers upon the regular passenger trains.

As to the Plaintiff's rights as a passenger, there the question is not whether he had the legal right to a passage upon the check he had received on board the other train, but whether the conductor recognized such right instead of payment of fare to him by the Plaintiff.

The Plaintiff had paid his fare to the company for a passage

from New York to Albany, and received a ticket as evidence thereof.

This ticket had been taken from him, and a check given as a substitute therefor.

The conductor of the train upon which the Plaintiff was injured at first refused to recognize the right of the Plaintiff as a passenger upon his train by virtue of the check, and demanded and received fare from him. This gave the Plaintiff clearly all the rights of a passenger, and these were in nowise impaired by the subsequent return of the money received from the Plaintiff, and the recognition of his right under the check by the conductor. These acts were within the authority delegated to the conductor by the Defendant.

There was, therefore, no negligence legally imputable to the Plaintiff.

The evidence showed that the car in which the Defendant was riding in part ran off the track and was broken, by means of which the Plaintiff was injured. This was primâ facie evidence of negligence of the Defendant. The latter not only had the entire control of the vehicle, but also of the track upon which it was run, and it owed a duty to the Plaintiff to keep both in a perfect and safe condition for the transportation of passengers with entire safety, so far as human prudence can accomplish these results. Experience proves that when the tracks and machinery are in this condition, and prudently operated, the trains will keep upon the track, and run thereon with entire safety to those on board.

Whenever a car or train leaves the track it proves that either the track or machinery, or some portion thereof, is not in a proper condition, or that the machinery is not properly operated, and presumptively proves that the Defendant, whose duty it is to keep the track and machinery in the proper condition, and to operate it with the necessary prudence and care, has, in some respect, violated this duty.

It is true that a bad state of the track or machinery may have resulted from the wrongful act of persons for whose conduct the Defendant is not responsible, and the injury to the passenger

may have resulted therefrom, and, in such a case, the company is not responsible; but such cases are extraordinary, and those guilty of perpetrating such acts are highly criminal, and therefore there is no presumption of the perpetration of such act by others, and the company, if excusable upon this ground, must prove the facts establishing such excuse (Curtis v. The Rochester and Syracuse Railroad Co., 18 N. Y. 534, and cases there cited).

The Defendant owed to its passengers the same duty to keep its track at the Berkshire crossing safe, irrespective of the question upon which company the duty devolved, as between themselves, as it did in respect to any other portion of the track.

The complaint contained a general averment that the injury was received from the negligence of the Defendant and its employés, and it is therefore immaterial whether the proof established the particular negligence specified in the complaint,—some negligence being shown.

The motions for nonsuit were properly denied.

The Court charged the jury that the Plaintiff was a passenger, and was not guilty of negligence in being on the freight train; to which the counsel for the Defendant excepted.

This exception, and also that taken to the charge relative to the Berkshire crossing, have been considered in connection with the exception to the denial of the motion for a nonsuit.

The Court further charged:. That the Defendant was bound to show and give some explanation of the cause of the accident. That the burden is upon them to show that they exercised the prudence and skill in the preparation of their track and their cars, and in the management of them, demanded by the law. Unless they prove themselves free from negligence, they are liable.

The Defendant's counsel excepted to this portion of the charge.

This portion of the charge must be understood in reference to the facts of this case, and as applied to such facts.

In this view it was not erroneous. The facts showed a primâ facie case of negligence against the company, either in the condition of the track or cars, or in running the train. The charge, in substance, was, that the Defendant must, by proof,

answer and retract this primâ facie case against it, and show itself free from the negligence to be presumed from the facts proved by the Plaintiff, or it was liable.

The charge imports nothing more. It does not at all imply that to entitle the Plaintiff to a verdict it was not incumbent upon him to prove that his injury resulted from the negligence of the Defendant.

The judgment must be affirmed, with costs.

All affirm.

JOEL TIFFANY,
State Reporter.