MARTIN MAHER, RESPONDENT, *v.* THE MANHATTAN RAILWAY COMPANY, APPELLANT.

*Action for negligence — under what circumstances the defendant is required to furnish an explanation of the occurrence.*

Upon an appeal from a judgment, entered upon a verdict in favor of the plaintiff in an action brought to recover for personal injuries caused by the defendant's carelessness, it appeared that on or about August 18, 1887, as the plaintiff was about entering the cellar of his residence No. 746 Greenwich street, in the city of New York, he was struck on the head by a bar of iron and was severely injured.

The railway tracks of the defendant passed through Greenwich street, and in front of the plaintiff's residence, and were supported on an elevated iron structure,

and at the time the plaintiff was struck a train was passing by overhead. There was no other structure at that point over the street, except the elevated structure of the defendant. The iron which fell on the plaintiff was seen descending from the passing train, and its flight was observed from the time that it just began to descend from the train until it struck the plaintiff.

The defendant's motion to dismiss the complaint upon the ground that the plaintiff had failed to show that the piece of iron in question fell from the train or the structure of defendant's railway company, or was dropped by anyone in the defendant's employ, was denied by the trial court.

*Held,* that, as the fact was stated, and wholly uncontradicted, that a piece of iron, similar to the one shown in court on the trial and which struck the plaintiff, was seen in the air falling, and apparently coming from the defendant's train, the motion was properly denied.

The defendant also moved to dismiss the complaint on the ground that the plaintiff had failed to show any negligence on the part of the defendant causing the injury.

*Held,* that it was the duty of the trial court to submit the question of negligence to the jury.

That the plaintiff was entitled to protection from any negligent act of the defendant while in the exercise of any right relating to his property or in the lawful use of the street, and that it was the duty of the defendant, in the exercise of its franchises, to use all necessary caution, care and diligence to prevent injury to persons or property.

That if a person was injured and there was reason to believe that a missile occasioning such injury emanated from the defendant's structure or machinery, the defendant on proof of its appearance and the injury done by it, was bound to give some explanation of the cause of its occurrence.

Appeal from a judgment recovered upon a verdict for $1,390 in favor of the plaintiff, rendered at the New York Circuit, which was entered in the office of the clerk of the county of New York, and also from an order denying the defendant's motion made upon the minutes of the justice presiding at the trial, to set aside the verdict and for a new trial, which was entered on the same day in the same office.

On or about August 18, 1887, as the plaintiff was about entering the cellar of his residence, No. 764 Greenwich street, in the city of New York, he was struck on the head and foot by a bar of iron and was severely injured. The railway tracks of the defendant company passed through Greenwich street, and in front of plaintiff's residence supported on elevated iron structures, and at the time the plaintiff was struck a train was passing by overhead. There was no other structure at that point over the street except the elevated

structure of the defendant.   The bar of iron which fell on the plaintiff was seen descending from the passing train, and its flight was observed from the time that it just began to descend from the train until it struck the plaintiff.

*Townsend & Page*, for the appellant.

*Doherty, Durnin & Hendrick*, for the respondent.

BRADY, J. :

The defendant gave no evidence, depending upon the assumed infirmity of the plaintiff's case.   The propositions argued now, and urged on the motion to dismiss, are :

*First.* The learned trial justice erred in denying defendant's motion to dismiss the complaint upon the ground that the plaintiff had failed to show that the piece of iron in question fell from a train or the structure of defendant's railway, or was dropped by anyone in the defendant's employ ; and,

*Second.* The learned trial justice erred in denying defendant's motion to dismiss the complaint upon the ground that the plaintiff had failed to show any negligence on the part of the defendant causing the injury.

In the effort to sustain the first proposition it is said that there is no evidence whatever connecting the defendant with the fall of the iron.   This is somewhat extraordinary when the testimony is that it was seen falling from the direction of the defendant's train passing at the time, and immediately thereafter striking the plaintiff, there being no other structure at the *locus in quo* from which it could have fallen.   The testimony may be interpreted, by ingenious device, to mean something else as matter of argument, or speculative theories may be invoked to demonstrate that it was part of a thunderbolt such as the ancients supposed Jove to employ and particularly to threaten when worsted in argument; but the fact stated, and wholly uncontradicted, is that a piece of iron similar to the one shown in court on the trial, and which struck the plaintiff, was seen in the air falling and apparently coming from the defendant's track or train.

The second proposition depends for its maintenance upon a kindred argument; and, therefore, if the first be unsound,

the second has no force under the facts and circumstances which required the justice presiding at the trial to submit the question of negligence to the jury. That was, indeed, the only issue, there being no pretense that the plaintiff contributed to his own injury. It may be unnecessary to say that the plaintiff was entitled to protection from any negligent act of the defendant while in the exercise of any right of property and the lawful use of the street, and that it was the duty of the defendant, in the exercise of its franchise, to use all necessary caution, care and diligence to prevent injury to person or property. If, by any untoward circumstance, a person is injured and there is reason to believe that a missile occasioning it emanated from the defendant's structure or machinery, and that incident from its nature may constitute an element of negligence or want of care, the defendants, on proof of its appearance and the injury done by it, are put to the duty of explanation at least. Here the evidence fully justified the conviction that the iron which struck the plaintiff came from the defendant's structure or its appointments, there being evidently no other source at the time of its appearance. The presumption is against the employment of the missile by the wrongful act of persons for whose conduct the defendant is not responsible; and if the defendant is excusable upon this ground, it must prove the fact establishing the excuse. (Per GROVER, J., in *Edgerton* v. *N. Y. and Harlem R. R. Co.*, 39 N. Y., 227.) The iron which fell is germane to the structure, which is chiefly of that material as well as the machinery employed, and it must be that it was broken off in some way while the franchise was in use, which would indicate the absence of that care and duty, that high sense of obligation which is imposed upon the defendant to keep its structure and machinery in such perfect condition that no one, except by extraordinary circumstance, to be proved by it, shall be injured. And this rule should apply as well to wayfarers along the public streets as to passengers. And it does, and hence the decision in *McNair* v. *Manhattan Railway Company* (46 Hun, 502), in which the defendant was held liable for injuries occasioned by a clinker or cinder which fell from its structure. The court said, in that case, assuming that a passenger along the street can be injured by one of the very many locomotives of the defendant by a cinder, something is called for from the company by way of explanation. The distinction between that case and that

of *Searles* v. *The Manhattan Company* (101 N. Y., 661), is explained in the fact that, in the latter case, it appeared that the appliances used upon the defendant's locomotives to prevent the escape of sparks and cinders were skillfully made and were the best known. Here it must not be forgotten that an accident, which if not in its nature negligence *per se*, is at least one which may be declared evidence of negligence by the jury, is not explained, and no effort is made to excuse it in any form. The reliance of the defendant is upon the abstract technical proposition that there is no evidence of negligence by them, although the injury was occasioned by their structure and its use, and the plaintiff is in no way in any sense responsible for it. This, under the facts and circumstances herein, is not common sense, and should not be the law which is supposed to be the offspring of that attribute, although it is sometimes fiercely rejected in adjudicated cases. Indeed, the Court of Appeals have substantially rejected such an attitude as that taken by the defendants as suggested in *Seybolt* v. *New York, Lake Erie and Western Railroad Company* (95 N. Y., 568), in which RUGER, Ch. J., said: "While it is true, as a general proposition, that the burden of showing negligence on the part of the defendant occasioning an injury rests in the first instance upon the plaintiff, yet in an action of this character, when he has shown a situation which could not have been produced except by the operation of abnormal causes, the onus then rests upon the defendant to prove that the injury was caused without his fault." (See cases cited by him.) The question of the defendant's negligence was duly submitted to the jury by a charge to which no exception was taken, and it must be assumed not only that the rules of law therein expressed were accepted, but that upon the issues of the defendant's negligence, as a question of fact, the verdict of the jury is conclusive.

No reason is discovered for disturbing this judgment, and it should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed, with costs.