defendant had not also been received to bolster it up. The evidence of the defendant was incompetent, and we cannot say that it did not prejudice the result. I therefore favor a reversal of the judgment.

COCHRANE, J., concurs.

---

## VAN SUWEGEN v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. May 12, 1908.)

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—RES IPSA LOQUI-
TUR.

Proof that a train ran from the main track on which it was intended to run, and ran in on a siding and collided with an engine, throwing it over on an engineer standing by his engine on another siding, killing him, presumptively shows under the doctrine res ipsa loquitur negligence of the company, and it, to escape liability, must show that the accident was not due to its negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, §§ 881, 898, 955.]

2. SAME.

An engineer standing with his engine on a side track was killed in a collision caused by a train leaving the main track where it was intended to run, and running on a side track. The employé who operated the switch testified that he had the switch properly closed, and that the switch lights showed the proper lights for the main track. Immediately after the accident, the switch was found fastened so as to cause the train to run onto the side track. There was no evidence that the switch lever was touched by any one, or that there was any disturbance such as would naturally occur if the lever had been reversed by the on-coming train. the company introduced evidence that some outside person had turned the switch. Held, that in view of Laws 1906, p. 1682, c. 657, § 42a, eliminating the fellow-servant defense, the jury was authorized to find that the company was guilty of actionable negligence.

Jenks, J., dissenting.

Appeal from Trial Term, Orange County.

Action by Elmira E. Van Suwegen, administratrix of Benjamin H. Van Suwegen. against the Erie Railroad Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

John B. Stanchfield, for appellant.

C. E. Cuddeback (Thomas Watts and Abram F. Servin, on the brief), for respondent.

WOODWARD, J. The action is for negligence on the part of the defendant, resulting in the death of the plaintiff's intestate, and has resulted in a verdict for the plaintiff. Appeal comes to this court from the judgment, and from an order denying a motion for a new trial on the minutes.

Plaintiff's intestate was a railroad engineer. He had brought a passenger train from Jersey City to Port Jervis. At this point he

detached his engine from the train, ran down the main track for a considerable distance, and turned in on a siding, backing his engine down and upon a second siding running parallel with the main track. This left an intervening track between the engine operated by plaintiff's intestate and the main track, and upon this intervening side track was another locomotive and tender, and the deceased stopped his engine alongside of this second engine and got off to clean it up, or to oil some of its parts. While lawfully engaged in completing his duties to the company, and while standing between his own engine and the one on the intervening track, the train which plaintiff's intestate had drawn from Jersey City, with a new engine, came down the main track, passed through the switch leading to the first side track, and collided with the tender of the locomotive standing upon that track, throwing it over upon plaintiff's intestate, producing the injuries resulting in his death. There is no dispute about these primary facts, the questions litigated being in relation to the causes which operated to divert the passenger train from the main track to the siding. The evidence was practically undisputed that the switch light up to practically the very moment of the accident showed the green or safety light, the accident occurring in the nighttime, but immediately after the accident the switch was found to be turned so as to open the siding track, and the case was submitted to the jury on the theory that the switch might have been slightly open; that the wheels of the advancing engine might have engaged the switch point, the points being toward the traffic; and that thus the switch might have been opened wide and fastened open by the action of the train, the negligence consisting in the defendant failing to enforce its rule that the switches must be locked to protect the main track except when trains were passing in upon the siding. The defendant sought to introduce evidence to show that some outside party must have turned the switch, but this evidence the jury has found not to establish the fact, and we are of opinion that in this the jury were entirely correct.

This particular switch was the ordinary pointed switch in common use upon railroads throughout the country, with the points toward the traffic. The switch was thrown by means of a lever, weighted at the end with a 16-pound ball or clod; and it was arranged so that when the lever was thrown, either to open or close the switch, it would, on being forced into proper position, fasten with a catch, so that it could not be opened without the use of hands. In spite of the fact that the man whose duty it was to operate this switch testified that he had the switch properly closed, and that the switch lights showed green along the main track, the fact remains that the passenger train did pass through this switch and upon the side track; and immediately after the accident the switch was found properly fastened to produce just this result, and there is no evidence to show that this switch lever was touched by any one, or that there was any disturbance, such as would naturally occur if the lever had been reversed, with a heavy ball at one end of it, by the action of the on-coming train. But, be this as it may, the defendant has had the benefit of submitting this question to the jury, and it has been found against it, and it seems to me that under

the authorities it is not entitled to complain here, because the plaintiff having proved that the train ran off from the main track, where it was intended to run, and ran in upon the siding, producing the injury, the doctrine of res ipsa loquitur applies, and it is for the defendant to show that the accident was not due to its negligence, but to some cause for which it was not liable to the plaintiff. "Experience proves," say the court in Edgerton v. New York & Harlem R. R. Co., 39 N. Y. 227, 229, "that when the track and machinery are in this condition" [in the full control of the defendant, and kept in that condition of safety which that relation involves] and prudently operated, the trains will keep upon the track, and run thereon with entire safety to those on board. Whenever a car or train leaves the track, it proves that either the track or machinery or some other portion thereof is not in a proper condition, or that the machinery is not properly operated; and presumptively proves that the defendant, whose duty it is to keep the track and machinery in the proper condition, and to operate it with the necessary prudence and care, has in some respect violated this duty. It is true that a bad state of the track or machinery may have resulted from the wrongful act of persons for whose conduct the defendant is not responsible, and the injury to the passenger may have resulted therefrom, and, in such a case, the company is not responsible, but such cases are extraordinary, and those guilty of perpetrating such acts are highly criminal; and therefore there is no presumption of the perpetration of such acts by others, and the company, if excusable upon this ground, must prove the facts establishing such excuse." See Adams v. Union Railway Co., 80 App. Div. 136, 140, 80 N. Y. Supp. 264, and authorities there cited; Seybolt v. N. Y., L. E. & W. R. R. Co., 95 N. Y. 563, 568, 47 Am. Rep. 75.

It is true in this case that the plaintiff's intestate was not a passenger, and some of the earlier cases have intimated that a different rule might apply in cases where there was no contractual relation between the plaintiff and defendant, but in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, the court distinctly held that the question was not of the relations of the parties, but the "sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence." This case was under consideration in Duhme v. Hamburg-American Packet Co., 184 N. Y. 404, 77 N. E. 386, 112 Am. St. Rep. 615, and distinguished, but without changing the doctrine, in so far as it relates to the facts proved in this case, and I can see no reason why the plaintiff is not entitled to recover, in this action. Chapter 657, p. 1682, Laws 1906, adding section 42a to the Railroad Law, eliminates the fellow-servant defense in a case of this kind; and, while it may be that the defendant did not owe to the plaintiff's intestate the same degree of care that it would owe to a passenger, this has nothing to do with the question of defendant's negligence as established by the evidence of the happening of the accident under the circumstances shown by the evidence. If this switch and the machinery had been in proper condition and prudently operated, and these duties rested upon the master, in the ordinary course of the operation of the railroad the train would have remained upon the main

track, passing the plaintiff's intestate with perfect safety. The evidence shows clearly that the train did leave the main track and work the injury complained of, and, in the absence of evidence to show that this was due to the intervention of parties beyond the control of the defendant, there is evidence which the jury may properly hold to establish the negligence of the defendant.

The judgment and order appealed from should therefore be affirmed.

Judgment and order affirmed, with costs. All concur, except JENKS, J., who dissents.

MILLER, J. I concur with Mr. Justice WOODWARD. The circumstances of the accident show that the switch was either opened by an intruder, jarred open by the train, or left open after the deceased's engine had been let in on the switch a few minutes before the accident by the switchman who had been on duty nearly 18 hours. I think the latter explanation the most probable. It was negatived, however, by the testimony of a surprisingly large number of the defendant's employés who say they were in a position to observe and did observe the green light, indicating that the switch was closed only an instant before the on-coming train reached the switch. None of said witnesses observed any person near the switch, and the presumption against the commission of an act so wanton and criminal alone justified the jury in finding that the switch was not opened by an intruder. Thus only one way of accounting for the accident was left. The evidence excluding both of the other theories tended to prove that the accident could and did happen in that way. Therefore there was no error in the refusal to charge. The defendant would have been equally liable whether the accident was caused by the negligence of the switchman in leaving the switch open or by his negligence in leaving it in a condition which enabled the on-coming train to jar it open, and the defendant cannot complain because its evidence excluding one of those theories was accepted as proof.

JENKS, J. (dissenting). Proof of such a collision is held to make out a prima facie case. Edgerton v. New York & Harlem R. R. Co., 39 N. Y. 227–229; Seybolt v. N. Y., L. E. & W. R. R. Co., 95 N. Y. 563, 568, 47 Am. Rep. 75; Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 57 N. E. 751. But the onus probandi was still upon the plaintiff and so remained throughout the case (Kay v. Metropolitan Street Ry. Co., supra); and, if the defendant's proof sufficed to rebut the legal presumption arising from the casualty, or if it left the essential fact of negligence in doubt or uncertainty, the plaintiff failed (Id.). As this kind of switch could be moved in or out of connection with the main track, and it was at the time of the casualty in such connection as to divert the train from the main track, the switch must have been moved into such connection by outside force. The defendant did not show the nature of that force. The switch could have been thus moved by the switchman or some other employé of the defendant. In that case the defendant could have been held liable. Chapter 657, p. 1682, Laws 1906. The switch might have been brought into contact with

the main line by an outsider. This is suggested by the defendant, but it offered no proof which showed or tended to show any such act or which even permitted the inference thereof, while the surrounding circumstances made strongly against such theory. As such an assumption involves a criminal act, it may, in the absence of all evidence pointing to its commission, be excluded. Flanny v. Waterford & Lower M. Railway Co., 11 Ir. Rep. 11 C. L. 30; Edgerton v. New York & Harlem R. R. Co., supra. It was the contention of the plaintiff upon the trial that the movement of the defendant's trains moved the switch, not securely "locked" or fastened, so as to bring the points thereof into such juxtaposition with the main track as to cause the wheels of the on-coming train to engage the points and then run onto the switch, and this theory of the accident was one submitted to the jury by the learned court. The learned counsel for defendant excepted to this submission, and also asked the court to charge "that there is no evidence upon which the jury can find that this switch was turned by reason of the passage of that locomotive or any part of the train over that track." This request was refused under exception. I think that the exception was well taken. A reading of the record does not reveal to me any evidence whatever to support that contention. I do not assent to the proposition that, if we exclude the action of human agency, it must follow that the switch was moved by the jar or motion of the train or trains passing upon the main track, so as to permit the train which came to collision to run onto that switch. Whatever benefit accrued to the plaintiff perforce of the mere fact of the collision, I think that, if there was not evidence to substantiate an alleged cause of the accident, it was entitled to an instruction to that effect. I do not pretend to say that such evidence was not available, but I rest my conclusion upon the fact that I fail to find that the plaintiff adduced it.

For these reasons, I think that the judgment should be reversed and a new trial should be granted.