STURZA v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.  January 7, 1909.)

1. STREET RAILROADS (§ 112*)—OPERATION—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE—NEGLIGENCE—RES IPSA LOQUITUR.
   Where plaintiff was injured by a bolt which was seen to fall from defendant's elevated railroad structure while its train was passing over it, though there was evidence that the structure was inspected the next day without finding any bolts missing, and that there were no bolts of that kind in the bridge, the rule of res ipsa loquitur applied.
   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 112.*]

2. STREET RAILROADS (§ 114*)—ACTIONS—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.
   In an action for injuries caused by a bolt falling from an elevated railroad structure, defendant's evidence held insufficient to require a finding that the presumption of negligence arising from the accident was overcome.
   [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

3. APPEAL AND ERROR (§ 197*)—PRESENTATION OF OBJECTIONS BELOW—NECESSITY—VARIANCE.
   Where the complaint was for injuries caused by a bolt falling from an elevated railroad structure because not securely fastened thereto, if defendant wished to rely on a variance in that the evidence showed that it might have fallen from a passing train, it should have urged the objection in its motion to dismiss so as to permit the trial court to pass upon it and give plaintiff an opportunity to amend, and, not having done so, cannot rely thereon on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 197;* Pleading, Cent. Dig. §§ 1428–1441.]
   Hendrick, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Isaac Sturza against the Interborough Rapid Transit Company.  From a judgment for plaintiff, defendant appealed.  Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Anthony J. Ernest, for appellant.

Hillquit & Hillquit (Abraham Mann, of counsel), for respondent.

GIEGERICH, J.  The complaint, after alleging the maintenance and control by the defendant of an elevated railroad along Allen street, borough of Manhattan, continues as follows:

"(2) That in maintaining the said elevated structure and tracks defendant used certain iron bolts or screws about 10 inches in length.  That by de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant's negligence a certain iron bolt or screw about 10 inches in length, used in the said elevated structure on said Allen street, at the intersection of Rivington street, was not properly nor securely fastened to prevent it from falling by its own weight in the course of the ordinary maintenance of the said elevated structure.

"(3) That on or about the 24th day of July, 1907, while plaintiff was lawfully on the highway known as Allen street, in the borough of Manhattan, city of New York, and while in the act of passing the northeast corner of said Allen street and said Rivington street, the said iron bolt or screw fell from the elevated structure, striking plaintiff on the head.

"(4) That said bolt or screw fell solely through the negligence and carelessness of the defendant, its servants, agents, or employés, and without any fault or negligence on the part of the plaintiff."

The answer was a general denial of each and every allegation contained in the paragraphs quoted.

At the trial the plaintiff proved by his own testimony and by the testimony of other witnesses that on July 24, 1907, at about 8 o'clock in the evening, he was standing at the northeast corner of Rivington and Allen streets when he was struck on the head by a falling object; that this object was at once picked up from the ground, and was found to be an iron bolt. Plaintiff further proved by the testimony of another witness who was crossing the street at the time that the latter saw the bolt fall from the elevated structure overhead and strike the plaintiff. A train was passing at the time.

The defendant produced its track walker, who testified that it was his duty to inspect the tracks of the railroad from Chatham Square to Twenty-Third street; that he made such inspection every day between 11 and 12 o'clock in the morning and sometimes in the afternoon; and that he had made such inspection on the day following the accident, and had not found any bolt missing on that day. The defendant also produced as a witness its foreman and track supervisor, who testified that he was familiar with the structure of the road and track, and further testified, as follows:

"Q. Have you any bolt like that in the structure of the road? A. No.
"Q. Have you any in the equipment of the road? A. I don't know about the equipment.
"Q. How about the cars? A. I cannot say."

At the close of the whole case the defendant's attorney moved as follows:

"I move to dismiss the complaint on the ground that no negligence has been shown. The bolt has not been connected with us; and on all the grounds specified in the Municipal Court act." Laws 1902, p. 1486, c. 580.

The motion was denied and an exception was taken. It is now argued that, as the complaint alleged that the bolt was used in the structure and was not securely fastened, the plaintiff has failed to make out the case stated in his complaint, since it may have been left lying on the platform by a stranger or have fallen from the passing train without negligence in either case on the part of the defendant. It was admitted by the defendant's attorney on the trial that the defendant owned and operated the elevated road in question at the time of the accident, and the plaintiff's proofs were sufficient to justify

the application of the rule res ipsa loquitur.    Maher v. Manhattan Railway Co., 53 Hun, 506, 6 N. Y. Supp. 309.

Nor do I think the proofs on behalf of the defendant sufficient to have required the trial judge to hold that the presumption of negligence arising from the circumstances had been overcome. Volkmar v. M. R. Co., 134 N. Y. 418, 31 N. E. 870, 30 Am. St. Rep. 678.    If the defendant desired to rely upon a possible variance between the pleadings and the proof, it should have called attention to such variance in its motion to dismiss, in which case the plaintiff might have moved to conform the pleadings to the proof, and the question whether such motion should be granted or not could have been decided before the case was closed and while the parties were still before the court, and there was an opportunity for the court to inquire into and determine the propriety of granting the motion.    Not having raised the question below, I do not think the defendant is entitled to rely in this court upon the variance involved in failing to prove that the bolt was actually used in the elevated structure, and was not properly fastened thereto.

The judgment should be affirmed, with costs.

FORD, J., concurs.    HENDRICK, J., dissents.