These words necessarily import, into the statute authorizing the act of the vestry in filling a vacancy, the relevant canon laws of the general church body and of the diocese. This is so, not only in respect to the act of filling the vacancy and the terms and conditions of the relation of pastor and people, but to the manner of the termination of that relationship as well.

Canon 37, § 1, of the general church body, is in these words:

"A rector may not resign his parish without the consent of the said parish, or its vestry, or its trustees, whichever may be authorized to act in the premises, nor may any rector or minister canonically or lawfully elected and in charge of any parish be removed therefrom by said parish, vestry or trustees against his will, except as hereinafter provided."

Section 2 next following the above-quoted canon provides a complete and effective remedy, available to both rector and vestry for the severance of relations between them for any good and sufficient cause by application to the superior ecclesiastical authority of the diocese. The manner of bringing the matter to a hearing and the notice to be given are set forth in canon 22 of the diocese. That this course of general procedure was necessary, and that the relation of rector and vestry could not be otherwise terminated, even prior to the passage of the statutes incorporated into the religious corporations law, above cited, are recognized and applied in the well-considered case of Youngs v. Ransom, 31 Barb. 49.

That the position of rector necessarily carries with it the right, as well as the obligation, to perform the religious duties peculiar and incident to his position, would seem not to admit of controversy. It therefore includes admission to the church building and unhampered opportunity for the performance of all ministerial religious offices. See General Canon 15, § 1, subd. 2.

It is not requisite for the purposes of this motion that a more elaborate expression of opinion be written at this time upon the interesting questions involved in the case. They should await the more deliberate consideration and disposition of the Trial Term.

Upon the grounds above indicated, and because the plaintiff is, upon the facts and the law, entitled meanwhile to the preventive remedy sought against the acts of the defendants, his motion for an injunction pendente lite is granted.

Motion granted, with $10 costs.

---

### RETTER v. OLEAN ST. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. CARRIERS (§ 318*)—PERSONAL INJURIES—EVIDENCE—SUFFICIENCY.

In an action for personal injuries to a passenger, evidence *held* not to overcome the presumption of negligence arising from derailment of a street car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1311; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EVIDENCE (§ 201*)—DECLARATIONS BY PARTY—COMPETENCY.
   Evidence of plaintiff's declarations that his injury was received where he worked, and not in the accident alleged, was competent against him, and should not have been limited to discrediting his testimony.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 687; Dec. Dig. § ·201.*]

3. TRIAL (§ 413*)—MOTION FOR VERDICT—WAIVER OF ERRORS.
   Any error in a ruling limiting evidence of plaintiff's declarations that he was hurt at a place other than that of the accident alleged was not waived by defendant's motion for a verdict on the erroneous assumption that plaintiff had not established defendant's negligence; plaintiff, also moving for a verdict, insisting that the only question for the jury was that of damages, and the question whether plaintiff was hurt at the place of accident being involved in the question of damages.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 978; Dec. Dig. § 413.*]

4. EVIDENCE (§ 127*)—RES GESTÆ—COMPLAINT OF PAIN.
   Testimony that long after the accident plaintiff complained of pain to witness, not a physician, was not part of the res gestæ, and not admissible.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 380; Dec. Dig. § 127.*]

Appeal from Trial Term, Cattaraugus County.

Action by John D. Retter against the Olean Street Railway Company. From a judgment in plaintiff's favor, and from an order denying a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and WILLIAMS, KRUSE, and ROBSON, JJ.

Thos. H. Dowd, for appellant.
Dana L. Spring, for respondent.

KRUSE, J.  This case comes here on appeal for the second time. The plaintiff, a passenger on the defendant's car, claims to have been hurt in a derailment of the car.  The jury rendered a verdict in his favor on the first trial, and upon appeal it was set aside, and a new trial ordered, upon the ground that the finding of the jury that the plaintiff was hurt at the time of the derailment was against the weight of the evidence.  127 App. Div. 947, 111 N. Y. Supp. 1141.  Another verdict was rendered in his favor on the second trial, under a charge that the only question of fact in the case was one of damages; the trial judge holding, first, that the defendant's liability was conclusively established; and, second, that the plaintiff was hurt at the time of the accident, and not at the railroad shops, where he was then at work.

We are not inclined to differ with the trial judge upon the first proposition.  If the derailment occurred from the breaking of an axle, and there were no defects, latent or otherwise, and the track was in good condition, as defendant contends, it would seem to follow, in the absence of any other known cause, if the car was properly managed, and not overloaded, that the axle was too light, or not of good material.  There is no proof of its strength, except that it broke. Who made it, where it came from, how long in. use, does not ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pear. Defendant's own expert seems to concede· that such an axle, running on a track, made of good quality of material, would not have broken. It is quite probable that the trouble was in the track, or in running the car too fast at the curve, and that the axle broke after the car left the track. But, whether that is so, or not, I think the defendant did not explain the cause of the derailment, so as to overcome the presumption of its negligence arising therefrom in connection with the surrounding circumstances. 3 Elliott on Railroads, § 1096cw; Curtis v. Rochester & Syracuse R. R. Co., 18 N. Y. 534, 75 Am. Dec. 258; Bissell v. New York Central R. R. Co., 25 N. Y. 442, 445, 82 Am. Dec. 369; Edgerton v. N. Y. & Harlem R. R. Co., 39 N. Y. 227; Van Inwegan v. Erie R. R. Co., 126 App. Div. 297, 110 N. Y. Supp. 959, affirmed 194 N. Y. 534, 87 N. E. 1128.

As regards the second proposition, it would seem to be based upon a misapprehension of the evidence, or of what the defendant claimed therefrom. That the plaintiff had a bad knee is beyond dispute, but whether it was hurt at the time of the accident, or at the car shops, or was solely the result of a disease for which the defendant is not responsible, is in dispute. The plaintiff repeatedly stated to others, as appears by their testimony, that he was hurt at the shops. His declarations, if truthful, were alone sufficient to establish that fact. The declarations were commented upon in the charge, but their effect seems to have been limited to discrediting the testimony of the plaintiff. Of course, that would be true, if the declarations had been made by a witness not the plaintiff. The charge may have been made under the impression that defendant's counsel had admitted that there was no evidence of the plaintiff having been hurt at the car shops. Counsel's statement, as appears in the record, is that he had no other evidence than the statements of the plaintiff that he was hurt at the shops. The correctness of the statement as charged was challenged by defendant's counsel, and the point raised by appropriate exceptions.

Plaintiff urges that the defendant waived that question by moving for the direction of a verdict at the close of all the evidence. I think not. Both parties moved for the direction of a verdict. Plaintiff insisted that the only question for the jury was that of damages, while the defendant claimed that the plaintiff had failed to establish its negligence. The trial court ruled in favor of the plaintiff, denying the defendant's motion. Thereupon the defendant asked to go to the jury upon that question, which was refused. While we think the trial court correctly ruled that the defendant was not entitled to go to the jury upon the question of its negligence, that did not deprive it of having the jury pass upon the question whether, if the plaintiff was hurt at all, he was injured at the car shops, and not in the derailment. That question was directly involved in the question of damages.

I also think it was improper to permit the plaintiff's witness Dean to testify on behalf of the plaintiff that the plaintiff had complained to him of pain. This was not part of the res gestæ. It was made long after the accident, not to a physician in the course of medical

treatment. Kennedy v. Rochester City & Brighton R. R. Co., 130 N. Y. 654, 29 N. E. 141.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.