(161 App. Div. 383)

### PAGE v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. March 13, 1914.)

1. CARRIERS (§ 314*)—INJURY TO PASSENGER—PLEADING—SUFFICIENCY.

A complaint, alleging that plaintiff was a passenger on the defendant's car; that she signaled the conductor that she wished to alight; that the car stopped at a point where, in the course of repairing the street, a hole had been made, and as she was about to alight from the car she stepped into the hole and received her injury; that the injury was due to the carelessness and negligence of the defendant's officers and servants in the premises, and without any negligence on her part—alleges a cause of action.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1260, 1270, 1273, 1274, 1276–1280; Dec. Dig. § 314.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 34\*)—DEMURRER—CONSTRUCTION OF PLEADING.

Upon demurrer, the complaint is to be favorably construed for the pleader.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 5½, 66–74; Dec. Dig. § 34.\*]

Woodward, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Lillian Page against the United Traction Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas F. Powers, of Troy, for appellant.
Patrick C. Dugan, of Albany, for respondent.

JOHN M. KELLOGG, J. [1] The plaintiff alleges, in substance: That she was a passenger on the defendant's car. That she signaled the conductor that she wished to alight. That the car stopped at a point named, where, in the course of repairing the street, a hole had been made. As she was "about to alight" from the car, she stepped into the hole and received her injury. That the injury was due to the carelessness and negligence of the defendant's officers and servants in the premises, and without any negligence on her part.

[2] Upon demurrer the complaint is to be favorably construed for the pleader. It means that when signaled to stop the car made the stop at a place where there was a hole in the street, and that in alighting from the car the plaintiff, without fault on her part, stepped into the hole. I think it alleges a cause of action.

The judgment should therefore be reversed, with costs to the appellant in both courts to abide the event, and a new trial granted. All concur, except

WOODWARD, J. (dissenting). The plaintiff's complaint was dismissed upon the opening of the case, upon the ground that it did not state facts sufficient to constitute a cause of action. The complaint alleges that the plaintiff was a passenger upon one of the defendant's cars, and that "when said car upon which plaintiff was riding, as a passenger, as aforesaid, reached the corner of Twenty-Third street and Second avenue, in the city of Troy, N. Y., and as plaintiff was about to alight therefrom, having signaled said conductor in charge of said car of her intention so to do, and said car having stopped at a point about five feet north of the north side of Twenty-Third street, at a place which had been theretofore, and at the time last aforesaid, dug out and excavated by the defendant, who was at that time making repairs to the tracks and roadbed, she stepped into said hole or excavation, thereby throwing her to the pavement, spraining her right ankle," etc., and that "the said injuries so sustained by plaintiff, as aforesaid, were due to the carelessness and negligence of the above-named defendant, its officers, agents, and servants in the premises, and without any negligence or carelessness on the part of this plaintiff." The learned trial

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court dismissed the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the question is presented on this appeal whether this was a correct determination.

There is clearly nothing of importance in the allegation, "and as plaintiff was about to alight therefrom, having signaled said conductor in charge of said car of her intention so to do," for there is no complaint that the plaintiff was injured by anything which occurred while she was upon the car. We must look for the necessary allegations further on in the complaint. We are told that:

"Said car having stopped at a point about five feet north of the north side of Twenty-Third street, at a place which had been theretofore, and at the time last aforesaid, dug out and excavated by the defendant, who was at that time making repairs to the tracks and roadbed, she stepped into said hole or excavation, thereby throwing her to the pavement," etc.

There is no allegation that this hole or excavation was negligently or wrongfully made, or that the defendant had failed to exercise due care in the work then under way. There is no allegation as to the size or depth of the excavation; no allegation that it was not properly guarded; no allegation that the defendant had landed her at an unsafe point, or that it had failed to give her warning; no allegation that the excavation extended outside of the tracks, or that it was of such a character extending outside of the tracks to a point where she must step into it in alighting from the car. From all that appears in the complaint the plaintiff may have been properly and safely landed in the street, and have walked into this excavation, for the allegation is not that she was injured in alighting from the car, but that "she stepped into said hole or excavation," and clearly the defendant is not liable to her for injuries sustained by stepping into a hole, unless the defendant had been guilty of some act of negligence in making and maintaining the hole, or in failing to give the plaintiff notice of the fact if she was obliged to alight at a dangerous point, and no averment of the complaint suggests anything of the kind.

The question then arises whether the general allegation that "the said injuries so sustained by plaintiff, as aforesaid, were due to the carelessness and negligence of the above-named defendant, its officers, agents, and servants in the premises," is sufficient to give a cause of action; whether the plaintiff, under such an allegation, is entitled to adduce proof of these facts and to recover. The case of Catterson v. Brooklyn Heights Railroad Co., 132 App. Div. 399, 116 N. Y. Supp. 760, appears to have gone as far as any case in permitting a defective pleading to stand as against a motion to dismiss upon the ground that it failed to state facts sufficient to constitute a cause of action, but it is to be doubted if that case is an authority for sustaining this pleading. It is true that the complaint, under modern rules, is to be liberally construed, but it is still necessary that there should be a "plain and concise statement of the facts" upon which the plaintiff relies for a recovery, and the cases decided since the Catterson Case, supra, have laid down the rule that while the plaintiff in a negligence action may state generally a culpable breach of some duty owing by the master, the thing to which that duty attaches must be pointed out (Pagnillo v.

Mack Paving & Construction Co., 142 App. Div. 491, 127 N. Y. Supp. 72; Anderson v. McNulty Bros., 149 App. Div. 735, 134 N. Y. Supp. 21); and in the Pagnillo Case, supra, the court, after declaring that "in general or particular terms the act or omission causing the injury must be stated, as well as facts showing the defendant's breach of a duty related to it," say: "In Catterson v. Brooklyn Heights Railroad Co., 132 App. Div. 399 [116 N. Y. Supp. 760], the facts were pleaded, and it was considered unnecessary to plead details, which were matters of evidence, and the dissenting opinion, so far as it explained the decision in Oldfield v. N. Y. & Harlem R. R. Co., supra [14 N. Y. 310], and Edgerton v. N. Y. & Harlem R. R. Co., 39 N. Y. 227, was not inconsistent with the prevailing views."

We think the conclusion pleaded that "the said injuries so sustained by plaintiff, as aforesaid, were due to the carelessness and negligence of the above-named defendant" does not meet the requirement; it does not point out any act of negligence on the part of the defendant; it points out no fact which is in and of itself negligent, and the court properly dismissed the complaint.

The judgment appealed from should be affirmed with costs.